[No. 18101.  Department Two.—October 13, 1893.]

## GEORGE EASTON, RESPONDENT, v. A. L. CRESSEY, APPELLANT.

VENDOR AND PURCHASER—CONTRACT OF SALE—LIQUIDATED DAMAGES.— Where a contract for the sale of land provides for the payment of a cash deposit, and that upon the failure of the purchaser to pay the next installment of purchase money the contract should be void so far as the purchaser was concerned, and that the deposit should be retained by the vendor as liquidated damages, the provision for liquidated damages is void under sections 1670 and 1671 of the Civil Code.

ID.—RESCISSION OF CONTRACT—ACTUAL DAMAGE.—When a contract of sale and purchase of land is abandoned or rescinded by the parties, the purchaser, though in default, may recover back installments paid of the purchase money, less the actual damage to the vendor occasioned by his breach of contract.

ID.—DEPRECIATION IN MARKET VALUE—REMOVAL OF CLOUD ON TITLE.— When the vendor has not suffered any actual damage from the failure of the purchaser to pay the installment of the purchase money on the very day named in the contract, and the purchaser is willing, able and anxious to take the land and pay the contract price, evidence tending to show a depreciation in the market value of the land and the removal by the vendor of a cloud on the title is immaterial.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Stonesifer & Minor*, for Appellant.

Every contract for the sale and purchase of real estate which provides that the purchaser shall pay certain sums at specified times, or, if he fails to do so, the contract shall be void, or the seller shall be released from all obligation to convey, or which provides for a forfeiture, necessarily makes time of the essence, whether it is expressly stated in so many words or not. (*Grey* v. *Tubbs*, 43 Cal. 362; *Martin* v. *Morgan*, 87 Cal. 207; 22 Am. St. Rep. 240; *Cleary* v. *Folger*, 84 Cal. 320; 18 Am. St. Rep. 187; *Bennett* v. *Hyde*, 92 Cal. 133.) Plaintiff took the title subject to a cloud, which defendant paid $1,375 to remove, and plaintiff never has offered to repay this amount to defendant, nor made any offer of compensation for his delay, and under such circumstances he cannot now maintain this action to recover back the $1,000. (*Scott* v. *Glenn*, 87 Cal. 224; *Easton* v. *Montgomery*, 90 Cal. 318; 25 Am. St. Rep. 123.) Defendant was clearly entitled to recoup for his damage in this action. (Civ. Code, 3307; *Cleary* v. *Folger*, 84 Cal. 321; 18 Am. St. Rep. 187; *Drew* v. *Pedlar*, 87 Cal. 449–50; 22 Am. St. Rep. 257.)

*T. C. Van Ness*, for Respondent.

When a contract of sale and purchase of lands is abandoned or rescinded by the parties, the vendee, though in default, may recover back installments paid of the purchase money, less the actual damage to the vendor occasioned by his breach of the contract. (*Phelps* v. *Brown*, 95 Cal. 572; *Bradford* v. *Parkhurst*, 96 Cal. 102; and see *Cleary* v. *Folger*, 84 Cal. 316; *Drew* v. *Pedlar*, 84 Cal. 443; 22 Am. St. Rep. 257.)

McFARLAND, J.—This is an appeal by defendant from a judgment against him in favor of plaintiff for $1,000, and from an order denying a motion for a new trial.

The facts found by the court are substantially as follows: On September 7, 1887, the parties made a written agreement, by which the appellant, Cressey, agreed to sell to respondent, Easton, a certain piece of land, upon these terms: Easton was to pay " one thousand dollars cash deposit," and on or before November 1, 1887, was to pay $2,500; and was also on said last-named day to execute a mortgage upon the land to Cressey for $3,320; then Cressey was to convey the land to Easton. It was provided in the agreement that if Easton should fail to pay the $2,500 on November 1st, " then this contract shall be void so far as said Easton is concerned "; and that the $1,000 cash should be retained by Cressey as "liquidated damages." Easton paid the $1,000 when the contract was made, but did not pay the $2,500 on November 1st, because, as he says, Cressey was absent from home. Cressey, however, had left a deed conveying the land to Easton, in the bank of Modesto, at the city of Modesto, of which bank Cressey was president, to be delivered to Easton upon payment that day of the $2,500. But on November 8th, Easton, who lived at San Francisco, wrote to Cressey, telling him the reason why he had not paid the money on the 1st; that he was ready to settle according to the terms of the contract, and that a draft on him for the amount would be promptly honored and the mortgage executed. Cressey received this letter, but made no reply. Easton wrote him again to the same effect on November 28th, but Cressey did not answer the letter. The court finds that on November 1, 1887, Easton was, and ever since has been, " ready, able, willing and anxious" to make said payment of $2,500, and execute said mortgage; and that Cressey "has at all times since November 8, 1887, refused to carry out the terms of the contract between the parties, or to perform any" of its covenants or conditions. No part of the $1,000 has been repaid; and Cressey has not been

damaged by any act or omission of Easton in the premises. This action was brought by Easton to recover the said " one thousand dollars cash deposit."

The foregoing findings are, we think, warranted by the evidence; and, that being so, the judgment is right. The provision in the contract for liquidated damages was void under sections 1670 and 1671 of the Civil Code (*Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257); and the rule governing the case at bar is " that when a contract of sale and purchase of lands is abandoned or rescinded by the parties, the vendee, though in default, may recover back installments paid of the purchase money, less the *actual damage* to the vendor occasioned by his breach of contract." (*Phelps* v. *Brown*, 95 Cal. 572; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257.) And it was clear that appellant did not suffer any actual damage from the failure of respondent to pay the $2,500 on the very day named in the contract. Appellant introduced evidence tending to show a depreciation in the market value of the land, the removal by him of a cloud on the title, etc.; but we cannot see of what importance these matters were, when respondent was willing, able and anxious to take the land and pay the contract price.

The judgment and order appealed from are affirmed.

De Haven, J., and Fitzgerald, J., concurred.