DOPP et al., v. RICHARDS.

No. 2462.    Decided July 31, 1913 (135 Pac. 98).

1. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
   OF STIPULATION.  In determining whether a stipulation for a
   forfeiture contained in an executory contract should be con-
   strued as a penalty or as liquidated damages, the court will
   consider the subject-matter of the contract, the stipulations
   contained therein, and the circumstances surrounding the par-
   ties at the time it was made.  (Page 338.)

2. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
   —DISPROPORTION TO ACTUAL DAMAGE.  Where a forfeiture, which
   is stipulated for the breach of an executory contract, is either
   grossly excessive or entirely inadequate to the damages sus-
   tained, it will be treated as a penalty rather than as liquidated
   damages.  (Page 338.)

3. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
   —CERTAINTY AS TO AMOUNT OF DAMAGES.  Where the damage
   to be sustained by the breach of a contract is difficult of ascer-
   tainment, a stipulation for forfeiture will, as a general rule,
   be treated as liquidated damages rather than as a penalty;
   but where the damages can be readily and accurately ascer-
   tained, the courts are inclined to treat the stipulation as one
   for a penalty.  (Page 338.)

4. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
   OF STIPULATION.  When it clearly appears from the evidence that
   the amount specified in a contract shall be forfeited in case
   of a breach thereof, and that such amount is not dispropor-
   tionate to the damages sustained, the courts as a general rule,
   are inclined to construe the stipulation for a forfeiture as
   liquidated damages rather than as a penalty.  (Page 338.)

5. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
   OF STIPULATION—INTENT OF PARTIES.  Unless a contract is op-
   pressive, unconscionable, or against public policy, the courts
   will allow the parties to stipulate for themselves whether a
   provision for a forfeiture shall be a penalty or liquidated
   damages.  (Page 339.)

6. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
   —LANGUAGE OF CONTRACT.  Whether a stipulation for forfeiture
   for breach of an executory contract shall be construed as a
   penalty or as liquidated damages must be determined from the
   terms of the contract.  (Page 339.)

7. DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION
OF STIPULATION—PROPORTION TO ACTUAL DAMAGE. Where an
executory contract for the sale of land provided for the for-
feiture, as liquidated damages, of the amount of the payments
made by the purchaser in the event of his failure to complete
the purchase, and it appeared that the advance payments re-
quired to be made by the purchaser were practically equal to
the rental value of the land for the time he was in possession
under the contract, and that such payments, added to the value
of the land at the time the vendor retook it, exceeded the total
amount due under the contract, including interest, the stipula-
tion will be treated as one for liquidated damages and not as
a penalty, regardless of whether the purchaser had made the
advance payments called for by the contract. (Page 339.)

8. VENDOR AND PURCHASER—MEASURE OF DAMAGES—BREACH OF CON-
TRACT FOR SALE OF LAND. Where the value of a tract of land
at the time a vendor re-entered after breach of contract by a
purchaser, together with the amounts paid on the contract and
retained by the vendor, exceed the contract price and the
interest thereon, the vendor can recover no damages for the
breach, since the measure of such damages is the difference
between the value of the land at the time of the breach or re-
entry and the contract price, with interest, less any amounts
that have been paid on the contract. (Page 342.)

9. APPEAL AND ERROR—REVERSAL—DIRECTING JUDGMENT OF DIS-
MISSAL. Where a vendor re-enters upon the land after breach
of a contract by the purchaser, who thereafter recovers judg-
ment for damages for the breach, and it appears on appeal that
the vendor, under the law as applied to the contract and the
admitted facts, is not entitled to recover any damages, the
case will not be remanded for new trial, but the trial court
will be directed to enter judgment dismissing the action.
(Page 343.)

STRAUP, J. dissenting in part.

APPEAL from District Court, First District; *Hon. W. W.
Maughan,* Judge.

Action by William P. Dopp and another against Ralph
C. Richards.

Judgment for plaintiffs.   Defendant appeals.

REVERSED WITH DIRECTIONS TO DISMISS.

*Call & Jensen* for appellant.

*A. A. Law* for respondent.

To be potential and controlling that a stated sum is liquidated damages, that sum must be fixed as the basis of compensation, and substantially limited to it. (Sutherland on Damages, pages 478-9-80-1; 3 Parson Cont. 6th Ed. p. 156; *Rinard v. Gardner,* 31 Pac. 134; *Kelly v. Fejervary,* 83 N. W. 791; *Western Gas, C. Co., v. Dowaigaic Gas & F. Co.*; 10 Am. & Eng. Ann. Cases 224; *Stony Cr. Lumber Co. v. Fields Co.,* 1 Am. & Ann. cases 242, and cases there cited; *Bagley v. Peddie,* 16 N. Y. 469; *Morrison v. Richardson,* 80 N. E. 468, 13 Cyc. 91-2-3.) A contract to pay a stipulated sum as damages will be given effect only where the damages provided against are uncertain and are not ascertainable by any satisfactory rule of law. (*Krutz v. Robbins,* 40 Pac. 415; *Kondon v. Kemper,* 13 L. R. A. 674; *Chicago House Wrecking Co. v. U. S.,* 53 L. R. A. 127, 45 C. C. A. 343; *McIntosh v. Johnson,* 8 Utah, 359; 13 Cyc. 95-6-7 and cases cited; *Atwood v. Fagan,* 134 S. W. 765; *Safe Co. v. Safe Dep. Co.,* 93 N. E. 81; *Sherman v. Gray,* 104 Pac. 1004; *Davidson v. Hughes,* 91 Pac. 913; *Turck v. Mining Co.,* 8 Colo. 113, 5 Pac. 838; *O'Keefe v. Dyer* (Mont.), 52 Pac. 196; *Mining Co. v. Mining Co.,* 28 Colo. 251, 64 Pac. 218; *Ewing v. Litchfield,* 91 Va. 575, 22 S. E. 362; *Stratton v. Fike,* 51 So. 874.) The tendency of the late cases is to regard the statements of the contracting parties as to liquidated damages as a penalty, and if it be doubtful whether a contract provides for a penalty or liquidated damages, and the actual loss can be measured by established rules of law, the doubt should be resolved in favor of actual compensation and such attempted provision held to be a penalty. (*Cushing v. Drew,* 97 Mass. 445; Pom. Eq. Jur. Sec. 440; 13 Cyc. 95, and cases.)

FRICK, J.

This action was commenced by plaintiffs, as vendors, to recover damages against the defendant, as assignee of the vendee, for a breach of contract for the sale of real estate. The material parts of the contract are that on the 14th day of April, 1908, the plaintiffs herein entered into a contract with one C. R. Jepperson, whereby the plaintiffs sold to said Jepperson a certain parcel of land in Cache County, Utah, for the agreed price of $2660, payable as follows: $285 upon the execution of the contract, which amount was duly paid; $375 on or before October 1, 1911; and the remaining $2000, which was evidenced by a note and mortgage, a first lien on the land sold, was also to be paid on the 1st day of October, 1911. The deferred payments bore interest at the rate of nine per cent. per annum, payable on the 1st day of October of each year. The vendee took possession of the land under the contract, and agreed to pay the taxes. A deed was executed and placed in escrow with a bank named in the contract at Logan, Utah, which was to be delivered to the vendee upon his compliance with the conditions of the contract—otherwise to be returned to the vendees. The contract contained the following stipulations:

"In the event of a failure to comply with the terms hereof by the said party of the second part, the said parties of the first part shall be released from all obligations in law or equity to convey said property as hereinbefore provided, and the said party of the second part shall forfeit all right thereto, and shall also forfeit to the parties of the first part as liquidated damages all payments that may have been made on this agreement." "Time is the essence of this contract, and if default be made by the party of the second part in any of the conditions named herein, then the parties of the first part may at their option declare this agreement null and void, and the said Cache Valley Banking Company is hereby authorized to surrender the above-mentioned deed to the order of the said parties of the first part."

After entering into the foregoing contract the vendee, Jepperson, assigned all of his interest therein to the defend-

ant Richards, and, when the 1st day of October, 1911, arrived, the latter failed to. make the payments provided for in the contract, excepting the one of $285, which was paid as aforesaid. Immediately upon the default of payment by the defendant, the plaintiffs terminated the contract, and on the 5th day of October, 1911, commenced this action for damages for its breach.

The defendant makes no claim whatever to the land. In the complaint the plaintiffs allege that by reason of the breach aforesaid they were damaged in the sum of $1500, upon which the defendant was entitled to a credit for the sum of $758 for payments made pursuant to the terms of the contract. Plaintiffs in their complaint also sought to be relieved from the stipulation in the contract with respect to liquidated damages, which stipulation we have quoted above. Plaintiffs sought to be relieved from the said stipulation upon the alleged ground that "the provision contained in the contract with reference to a forfeiture of all sums paid on said contract as liquidated damages was intended by the said parties to be a penalty in the event of a breach of the same." The defendant answered complaint; but it is not necessary to set forth the averments contained therein, except to state that, in view that the plaintiffs had admitted that defendant had paid the sum of $758, and had elected to terminate the contract and to repossess themselves of the land in question, and because of the payments that had been made by the defendant upon the contract as aforesaid, he denied any further liability.

At the trial it was stipulated that the plaintiffs had "declared said contract null and void" as provided therein. It was further stipulated that, in case the court deemed it material, which materiality was denied by defendant, the "rental value of the premises described in the complaint was and is $250 per annum." It was also stipulated, subject to its materiality, which was denied by the plaintiffs, that in the month of January, 1912, the plaintiffs sold the land in question for the sum of $2754.75. The plaintiff William P. Dopp, in support of the allegation in the com-

plaint that the stipulation in the contract with regard to liquidated damages was not binding upon him, over defendant's objections, also testified as follows:

"I left the making of the contract with Mr. Thompson, and we (Dopp and Jepperson) did not have any conversation in regard to the damages; all we said was that we would get Mr. Thompson to make out the contract, and we both read it over, and agreed that it was all right, and signed it."

This is all of the evidence in the record upon that subject. The question that arises in the legal mind is, How could ordinary minds more completely have met and agreed upon a proposition than did the minds of the parties to the contract in question, as appears from the foregoing statement? There was some further evidence produced by the plaintiffs; but what was produced was entirely immaterial to any issue in the case.

Upon substantially the foregoing admissions, stipulations, and evidence, the plaintiffs rested, and the defendant moved for a nonsuit, which was denied.

The defendant testified, and produced receipts in support of his testimony, that he had paid $811.66 upon the contract, and further testified that, in addition thereto, he had paid all of the taxes on the land after taking possession thereof under the contract. The court excluded defendant's testimony with respect to the payment of the $811.66 and the receipts, because of defendant's admissions in his answer; but his testimony with regard to the payment of taxes remained in the record, and is not denied.

The court made findings of fact in which, among other facts, it found that the defendant had paid $758 on said contract; that the rental value of said land was $250 for each year for the four years commencing with 1908 and ending with 1911; that the damages sustained by the plaintiffs was $1000, upon which defendant was entitled to credit for said $758 paid on said contract, leaving a balance due plaintiffs as damages the sum of $242. Conclusions of law

43 Utah 22

and judgment were made and entered in accordance with said findings of fact, from which judgment the defendant prosecutes this appeal.

The appellant contends that the court erred in not enforcing the terms of the contract as agreed to by the parties thereto, and that it further erred in holding that the respondent was entitled to recover anything under the provisions of the contract in question. Respondent seeks to sustain the judgment and rulings of the court upon the ground that the forfeiture clause in said contract, which we have set forth in full, should be treated as a penalty and not as a binding stipulation for liquidated damages.

As to whether or not a particular sum named in an executory contract as liquidated damages for a breach thereof will be held to be a penalty merely or will be enforced as the damages agreed upon is a question upon which the courts are somewhat at variance. It is, however, clear from the authorities that no hard and fast rule can be laid down which shall control in all cases, at least not in those jurisdictions which have no statute governing the question. In California the subject is controlled by statute. Kerr's Cal. Codes, sections 1670, 1671. As a general rule, it is held that each case must, to a large extent, be determined in the light of the subject-matter of the contract, the stipulations contained therein, and the particular circumstances surrounding the parties at the time of entering into the contract and during its continuance.

In our judgment the prevailing doctrine is perhaps as well stated in 13 Cyc. pp. 97, 98, as it is anywhere, in the following words:

"Where the damages provided for in the agreement are disproportionate to the several covenants therein provided, in some cases being grossly excessive and in others entirely inadequate, they will be construed as a penalty rather than as liquidated. Where the damages are uncertain in their nature, difficult to ascertain or impossible to be estimated with certainty, by reference to any pecuniary standard, and where the parties themselves are more intimately acquainted with all the peculiar circumstances, and are therefore better able to compute the actual or probable damages,

it has been the rule to allow the parties to ascertain for themselves, and provide in the agreement itself the amount of damages which shall be paid. Where a party has defaulted in the performance of some contract, involving a stipulation of forfeiture, the courts as a general rule construe the same as liquidated damages rather than as a penalty, unless it can be seen from the evidence that the forfeiture is disproportionate to the breach."

It is also stated in Cyc. that, whenever the actual damages, accruing as the result of a breach of an executory contract, can readily and accurately be ascertained, the courts are inclined to, and as a general rule do, construe the amount named as a penalty rather than as liquidated damages.

While the foregoing statements of the law seem somewhat inharmonious, yet they are quite as harmonious as the cases, and, broadly speaking, the statements, taken as a whole, fairly reflect the substance of the decisions. Those statements must, however, be applied subject to the principle of law that, unless the stipulations of a contract are oppressive, unconscionable, or against public policy, the courts ordinarily will not invade the province of the parties, but will, within well-recognized limits, permit them to determine for themselves what the consequences of a breach of their contracts shall be.

All courts agree, however, that whether an amount agreed upon in an executory contract shall be enforced as liquidated damages or be held to be a penalty merely, and thus, in case of a breach, permit the parties to show what the actual damages were, must ordinarily be determined from the face, or the terms, of the contract.

If we so treat the contract in question, what is there in its terms or conditions that makes the amount therein specified as liquidated damages unfair, unjust, or oppressive? Let us pause for a moment to analyze the terms agreed to by the parties. The price of the land agreed upon was $2660. Of this sum appellant, at the time of the execution of the contract, April 14, 1908, paid the sum of $285, leaving a balance of $2375 to be paid October 1, 1911, $2000 of which was in the form of a mortgage. The whole amount of the interest at nine per

cent., the rate stipulated for, from April 14, 1908, until October 1, 1911, when the remainder of the purchase price fell due, was $740.33. On that date the appellant would therefore owe to respondents on the contract the sum of $3115. Adding to that sum the $285 paid, and the greatest amount that appellant could have owed under the contract would have been the sum of $3390 on the 1st day of October, 1911, of which respondents admit appellant paid the sum of $758, which, under the foregoing statement, would have left a balance due of $2632 on the date aforesaid, when the appellant defaulted in making his payments. The foregoing are the exact amounts that could have become due under the contract, which any school boy could have determined at the time the contract was entered into. The parties, therefore, knew just what the highest amount would be that appellant could owe on the contract on the 1st day of October, 1911, in case he made no payments whatever, and also knew just what appellant would owe in case he paid the $285, including the accruing interest to the date aforesaid. With these figures in mind, no doubt the contract was drawn up, and the parties signed it. If, therefore, appellant paid the interest that would accrue from the 14th day of April, 1908, to the 1st day of October, 1911, he knew just what amount that would be, and, knowing it, he could readily agree to forfeit that amount in case he made default in the further payments, in view of the anticipated returns from the land of which he took possession. Upon the other hand, respondents knew that appellant had paid the sum of $285 on the contract, and if appellant complied with its terms he would, in addition to that sum, be required to pay the sum of $740 as interest, which, if added to the $285 already paid, would amount to the sum of $1025, or $25 in excess of what the stipulated rental value of the land purchased was. The foregoing is what the contract provided for, and its terms must prevail when we come to determine whether the amount stipulated as liquidated damages shall be enforced, or whether it shall be declared a penalty. This is so whether the terms of the contract were lived up to by the parties or

not.  We cannot see how the parties to the contract could have arrived at a fairer and more just result than they did in stipulating that, in case of default by the vendee, all payments made by him prior to October 1, 1911, should be forfeited, and in such event the respondents should be relieved from the conditions of the contract by being given the right to declare the same "null and void," with the right to repossess themselves of the land in question.  No doubt the parties also had in mind the latter fact, and, in connection therewith, the actual value of the land, which the respondent William P. Dopp admitted he had sold three months after the 1st day of October, 1911, for the sum of $2754.75.  The evidence, however, is without conflict that at the time respondents enforced the forfeiture the land was worth from $3230 to $3800.  If, therefore, we take the figures for which the land was actually sold by respondents, they profited by taking the land in the sum of $122.75.  If we take the lowest value disclosed by the evidence, they profited in the sum of $598, and if we take the highest value, they did so in the sum of $1168, in repossessing themselves of the land.  Taking any view we please of the contract in question, its terms were all fair and entirely proportioned to the damages that might be sustained upon the one hand or the benefits that might accrue upon the other.  Under such circumstances a court is not justified in departing from the terms of the contract with regard to the damages stipulated therein, but is required to enforce that stipulation the same as all other stipulations in the contract.

We are of the opinion, therefore, that the amount stipulated as constituting liquidated damages in the contract in question cannot be construed as a penalty, but must be held to be liquidated damages, and must be enforced as such.  The district court erred, therefore, in not sustaining the motion for a nonsuit, for the reason that, when the respondents rested, there was no evidence whatever justifying a finding that they had sustained any damages whatever, or that they were entitled to recover anything under the terms of the contract pleaded in their complaint.

But the judgment cannot be sustained for still another reason. As we have shown, the amount that appellant paid on the contract, when added to the value of the land, both of which the respondents received and retained, exceeded in value the contract price on the 1st day of October, 1911, when the breach occurred, and when respondents elected to re-enter the land. Having received more in money and in actual value of the land than the contract price which appellant was obligated to pay, the respondents **8** suffered, and could suffer no legal damages by appellant's default. While the authorities upon the question of the measure of damages, in cases where the vendee defaults in making the payments stipulated for in the contract, and where the vendor terminates the same and repossesses himself of the land which is the subject of the contract, are not harmonious, yet we think that the better reason and the greater weight of authority sustain the rule that under such circumstances the measure of damages is the difference between the value of the land at the time of the breach of the contract, or, as it is sometimes stated, at the time of the re-entering of the vendor and the abandonment of the land by the vendee, and the contract price agreed to be paid, together with interest on the purchase price. Under contracts like the one in question, the vendor has a choice of remedies, (1) an action for specific performance, (2) a suit at law to recover the purchase price, with interest, and (3) to re-enter and take possession of the land, and sue to recover damages for the breach of the contract. We need not discuss the remedy for specific performance. If the vendor wishes to recover the purchase price, the measure of his recovery is the amount thereof, with interest. If he repossesses himself of the land, the measure of damages is the difference between the contract price, with interest, and the value of the land at the time of re-entering by the vendor or abandonment of the contract by the vendee, less any payments made by the latter upon the contract. Upon this question the following cases will be found squarely in point: *Allen v. Mohn,* 86 Mich. 328, 49 N. W. 52, 24 Am. St. Rep. 126,

and cases cited in note; *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. Rep. 910, and cases cited in note; *Smith v. Lander* (Tex. Civ. App.) 89 S. W. 19; *Prichard v. Mulhall,* 127 Iowa, 545, 103 N. W. 774, 4 Ann. Cas. 789; *Smith v. Newall,* 37 Fla. 147-155, 20 South. 249; *Harmon v. Thompson,* 119 Ky. 528, 84 S. W. 569; *Easton v. Cressey,* 100 Cal. 75, 34 Pac. 622; *Shively v. Semi-Tropic L. & W. Co.,* 99 Cal. 259, 33 Pac. 848; *White v. Buell,* 90 Cal. 177, 27 Pac. 19; *Drew v. Pedlar,* 87 Cal. 443, 25 Pac. 749, 22 Am. St. Rep. 257. The remedy under such circumstances is also discussed in 2 Sutherland on Damages (3rd Ed.) sections 585, 586.

The question of whether the appellant could have complained is not before us, and upon that question we express no opinion.

We remark that the measure of damages which is adopted by some courts is less favorable to the respondents than the one we have adopted above. We think the measure of damages herein adopted is eminently fair and just to all parties, giving the vendor the full benefit of his contract, while it denies to the vendee any advantage by refusing to comply with its terms.

Ordinarily in law cases we merely reverse the judgment, and remand the case for a new trial. However, where it is apparent, as in this case, that in no view that can be taken of the law can the respondent recover on the contract in question, it would be useless to remand the case for a new trial. As we have pointed out, under the contract in question the respondents had a choice of remedies, and, having exercised their choice by taking back the land, they thereby limited their right to recover in accordance with the rules stated in this opinion. By taking the land they received more than the law would allow them in case they brought an action for damages for breach of contract. If, therefore, they have already received more than the law would allow them in any form of action they could bring on the contract in question, this court would be derelict in its duty if it permitted this particular action to proceed farther.

When it is clear from the record that a plaintiff cannot recover under any possible state of the evidence, a new trial should not be allowed merely to permit the parties to satisfy a litigious spirit. But, under our practice, the plaintiffs in this case may, in any event, within a specified time, as a matter of right, institute another action, if they should be so inclined. In no event, therefore, should they be permitted to prosecute this action farther.

The judgment is therefore reversed, and the cause is remanded to the district court of Cache County, with directions to vacate the judgment, sustain the motion for nonsuit, and enter judgment dismissing the action at the cost of respondents. Appellant to recover costs on appeal.

McCARTY, C. J., concurs.

STRAUP, J.

I concur in the judgment of reversal, but think the case should be remanded for a new trial. The action is one at law, not in equity. Of course, on this record the plaintiffs have shown no right to recover. What they may show on a retrial of this cause, or on a trial of a fresh action, the dismissal of this on a judgment of nonsuit, not being an adjudication on the merits, is another question. Since the plaintiffs may prosecute a fresh action at law for breach of contract—and surely they may do that—I see no reason why this cause should not be remanded for a new trial. If, from what is determined by us, they should be advised that nothing more can be presented which may or ought to influence a different result, the one can be abandoned as readily as the other.