Jones, J.
"Whether conditions precedent imposed in contracts for the sale of lands should he sustained as penalties or as liquidated damages has been a source of great tribulation in the courts. But the apparent conflict upon this question arises not so much in the statement of the rule distinguishing the two as in the application of the rule to specific cases. The general principle distinguishing a penalty from stipulated damages is recognized by all authorities, and is thus stated in the opinion in Knox Rock Blasting Co. v. Grafton Stone Co., 64 Ohio St., 361, 366, 60 N. E,, 563, 564, as follows:
“If the sum to be paid is uncertain at the time and may vary with circumstances, the parties may fix the same by agreement and it will be regarded as liquidated damages.”
Measured by this definition it is manifest that it was impossible for the parties to fix with any degree of certainty what the values of the property might be at a later period, and, subject to the qualification hereafter stated, they were legally permitted to stipulate the damages in advance.
It was held in Sheffield-King Milling Co. v. Domestic Science Baking Co., 95 Ohio St., 180, 115 N. E., 1014, that—
*428 “Where the parties to a contract deem it advisable, the law permits them to stipulate in advance what the damage, or the measure thereof, shall be in case of breach by either. Compensation for damages sustained is the legitimate object of such provisions. But where that object is lost sight of and the amount so stipulated is inequitable or unjust, courts will regard it as a penalty and will refuse to enforce the provisions and remit the injured party to his actual damages.”
The only qualification to this rule is that in some cases courts of equity will not enforce stipulated damages, but will sustain them, “provided always that the damages do not assume the character of gross extravagance or of wanton and unreasonable disproportion to the nature or extent of the injury.” 3 Story’s Equity Jurisprudence, Section 1731; Sheffield-King Milling Co. v. Domestic Science Baking Co., supra.
Concrete applications of the foregoing principles in cases very similar to the instant one are made in the following: Selby v. Matson, 137 Iowa, 97, 114 N. W., 609, 14 L. R. A. (N. S.), 1210; Morse v. Rathburn, 42 Mo., 594, 97 Am. Dec., 359; Jaqua v. Headington, 114 Ind., 309, 16 N. E., 527; Madler v. Silverstone, 55 Wash., 159, 104 Pac., 165, 34 L. R. A. (N. S.), 1; Allison v. Dunwody, 100 da., 51, 28 S. E., 651; Clement v. Cash, 21 N. Y., 253; Lipscomb v. Fuqua, 103 Tex., 585, 131 S. W., 1061; Dopp v. Richards, 43 Utah, 332, 135 Pac., 98.
In the case at bar possession of the property, was delivered to the purchaser under the land contract ;. the- purchaser became entitled to the rents, while the property remained liable for interest and *429 principal on the assumed mortgage. The witness Capron, who represented the Norpac Realty Company, the purchaser, admitted his utter failure to finance the later installments and mortgage upon the premises. He admitted the depreciation in its market value. He admitted its rental for $500 per month at the time of sale, and its rental shortly thereafter for $250 per month, all of which tended to prove that within a year values had a violent fluctuation. Cases may arise where equity might intervene, as where the agreed or stipulated damages are used as a guise to cover what would otherwise he a penalty, and the amount agreed upon so unconscionably large that a court of equity would not enforce it. This is not such a case.
The plaintiff in error claims that at most Schackne has only a lien for the entire amount due, and that a recoupment should accrue to it for the cash payment made if a judicial sale would bring sufficient to pay it. This was not the contract nor the intention expressed therein. Such a claim would not only extend the time for the installment payment, but would involve the costs incident to litigation and sale, all at the risk of the seller. Should we allow the contention of the purchaser, manifestly the vendor might sustain a financial loss under his contract; for it is doubtful if the property would bring more at judicial sale than it would by private treaty. The record discloses also that the property was of less value after the year’s period than when sold. The claim thus advanced places the risk upon the vendor, and would permit the purchaser to recoup his cash payment, or a part of it, should he have made a bad bargain, or reap the benefits in case of rising values. *430 It was this uncertainty existing at the time of the contract, the possible fluctuation of values, that, no doubt, caused the parties to agree upon stipulated damages. The cash installment of $12,500 paid and forfeited by the vendee was large, considered in proportion to the agreed price, but it was not so disproportionate, so extravagantly unreasonable, or so manifestly unjust as to require equitable interference with the contract agreed to. The parties could contract for liquidated damages, as they did, and subsequent developments disclosed the wisdom of the seller under the circumstances shown.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.