WILLIAM G. GADBERRY et al. *v.* JAMES H. SHEPPARD.

Where a deed conveyed certain land to the grantees, under the designation of " commissioners to locate a seat of justice for the county of Yazoo : " — *Held*, that these words do not justify the construction, that an estate, defeasible in its nature, was conveyed.

To make an estate upon condition subsequent, the grant must contain the condition in express terms, or by clear implication, because such conditions are not favored in law.

By the acts of the legislature under which the grant of land was made, the commissioners were authorized to accept the grant for the purpose of establishing a permanent seat of justice for the county of Yazoo; and it was declared that the title to the land, when obtained, " shall be valid to the commissioners for and on behalf of said county to all intents and purposes, and it shall be divided into lots which shall be sold, and the proceeds of sales applied to defraying the expenses of the public buildings to be erected there." Under this power, lots were sold and the avails applied to the purpose specified, and absolute titles made to the purchasers. *Held*, that it might be contended with much force, that the estate would revert to the grantor upon the removal of the seat of justice from the place intended by the grantor, as to such portions of the property as were not aliened by the county; but such a construction cannot prevail as to parties who have become purchasers of the lots under the provisions of the acts of the legislature.

The right of absolute disposition of the lots was clearly conferred upon the commissioners.

It is a cardinal rule of construction, that conditions in a deed or grant are not sustained when they are repugnant to the nature of the estate granted, or infringe upon the essential enjoyment and independent rights of property, or tend manifestly to public inconvenience. *Held*, that the condition asserted by the grantor in this case is incompatible with the nature of the estate intended to be granted to purchasers, and is destructive of the principal object contemplated in authorizing the sales of the lots.

IN error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

The facts of the case are contained in the opinion of the court.

*E. C. Wilkinson* for appellant.

1. The court below erred in refusing the testimony of plaintiff in error to show that the court house or seat of justice was

removed from Benton by a popular vote of the people of the county, and not by the legislature, but were authorized to vote by the act of the legislature.

2. The plaintiff ought to have been permitted to show the inducement or motive in making the grant of land for a county seat. And the court ought to have permitted the deed to be read in evidence. 1 Phil. Ev. 538; 4 Ib. 1420 and n. 958; Ib. 1399 and n. 959; 1 Greenl. Ev. § 277–282, &c. p. 338.

3. Where entry is made for condition broken, the person entering is seized of his original estate, as if he had never conveyed it. 1 Inst. 202 and n. 90; 2 Cruise, Dig. 41, § 50; 4 Kent, 125, &c.; Preston on Est's, 46. That such entry avoids all subsequent conveyances. Freem. Ch. 59; 18 Martin, 221.

The *habendum* in a deed can never contradict the premises, and if it do, the *habendum* is simply bad. 2 Black. Com. 298; 5 Barn. & Cress. 709; 4 Kent, 469; 4 Cruise, 290; Comyn, Dig. tit. " F and E," 10.

Where a use is limited, the grantor will not be allowed to take any resulting use that is inconsistent with the use expressly limited to him. 1 Cruise, Dig. 405, § 45.

For the construction of deeds, 4 Cruise, Dig. 255, tit. " Deed."

*Miles* for appellee.

The deed conveying the land for the county seat is a deed absolute upon its face, and without condition. The grantor conveyed, for a valuable consideration, the land for the joint use of the county of Yazoo and the town of Benton, and the grantees were required to do nothing save to purchase or receive the donation, by which the title by the contract was vested in them without the performance of any condition, either precedent or subsequent.

The donees had a clear right to dispose of the land; and those who derived title under them cannot be affected by the real or supposed motives of Gadberry in making the donation.

Mr. Justice HANDY delivered the opinion of the court.

The plaintiffs in error, as heirs at law of William P. Gad-

berry, brought this action in Yazoo circuit court, to recover a lot of land in the town of Benton. On the trial, the plaintiffs read in evidence a deed executed by their ancestor, dated 24th March, 1828, by which he conveyed, in consideration of one dollar, to Thomas Turner and four others, designated as " commissioners to locate a seat of justice for said county of Yazoo," twenty acres of land, " the same being for the use and benefit of said town of Benton," " to have and to hold all and singular the premises before mentioned, unto the said commissioners for the use aforesaid, their heirs and assigns forever." They also offered in evidence an act of the legislature passed in January, 1827, providing for the election of five commissioners to select a permanent seat of justice for Yazoo county, and empowering such commissioners, when elected, to receive, by donation or otherwise, not less than twenty acres for that purpose, and lay off a town thereon to be called Benton. The fourth section of this act is in these words : " And be it further enacted, that the title to the said lot or parcel of land, when obtained, shall be valid to the said commissioners for and on behalf of said county, to all intents and purposes ; and said commissioners shall cause the said lots so laid off to be sold at public auction on a credit of twelve months, and shall take bond with good security for the payment of the same." The defendant objected to the admission of this act in evidence ; the objection was sustained, and the plaintiffs excepted.

The plaintiffs then offered in evidence an act of the legislature passed 29th January, 1828, to divide Yazoo county and organize Madison.county, which was objected to, and the objection sustained, except as to the 13th and 14th sections, which were permitted to be read. The 13th section appoints the same persons to whom the deed above mentioned was made, " commissioners to select a site for the court house of the county of Yazoo ; and that they be authorized to receive, by donation or purchase, for the use of said county, not exceeding one eighth of a section of land, nor less than twenty acres ; and if by purchase, they are hereby authorized to draw out of the county treasury any moneys not otherwise appropriated."

Section 14 gives them " full power to let out the erection of

a court house and jail, to lay off town lots and dispose of them for the benefit of said county of Yazoo, as they may deem expedient."

The plaintiffs further proved that the commissioners proceeded, under this 14th section, to lay off the land granted to them in the deed into town lots for the purpose specified in these acts, and to dispose of them for the benefit of Yazoo county ; and that the proceeds of the sales were applied, under the 10th section of the first act, towards defraying the expenses of public buildings.

The plaintiffs then offered to read an act of the legislature passed in 1848, providing for the removal of the seat of justice of Yazoo county, and to prove that in accordance with that act the seat of justice of that county was removed from Benton to Yazoo city; which evidence was objected to, and the objection sustained.

The verdict and judgment being for the defendant, the plaintiffs have brought the case here.

The right of the plaintiffs to recover, depends upon the question whether, by the terms of the deed of their ancestor conveying the land in controversy, with reference to the provisions of the legislative acts passed in relation to the subject, the grant from their ancestor was upon condition in law, and defeasible against the grantees and their assigns, upon the removal of the seat of justice from the town of Benton. Without stopping to examine the correctness of the rulings of the court below in excluding the evidence offered by the plaintiff, we will consider the merits of the case as if all testimony relevant to the case and legally admissible, had been admitted as proposed, and upon this view, determine whether the judgment is right, merely remarking that the acts of the legislature authorizing the grant, are competent evidence, but that the private motives of the plaintiff's ancestor in making the grant are not admissible.

We will first consider whether the deed is to be held as containing the condition contended for. It is made to the grantees under the designation of " Commissioners to locate a seat of justice for the county of Yazoo," and these are the only terms used in it justifying the construction that an estate defeasible

in its nature, was conveyed. Do they warrant that construction? In order to make an estate upon condition subsequent, the grant must contain the condition in express terms or by clear implication, because such conditions are not favored in law, and are construed strictly, as tending to destroy estates. Co. Litt. 219, b.; 4 Kent's Com. 130; 2 Cruise's Dig. 8, § 38. These words do not contain any express condition, nor do they import a defeasible estate, and it would be impossible to determine from them what condition was required to be performed. It cannot even be concluded by legal intendment, that the seat of justice was intended to be at the town of Benton; for the deed is silent as to the object of the grant, except the clause, "The same being for the use and benefit of the town of Benton." But in what manner that use was to be carried out and made effectual, it is impossible to conclude by a rule of legal interpretation applicable in such cases. Certainly, it could not be justly said that the purpose of the grant as expressed, "for the use and benefit of the town of Benton," would fail if the town of Benton had not been made the seat of justice. There is, therefore, nothing in the terms of the grant contained in this deed which necessarily defeats the estate granted, upon the removal of the seat of justice from that place.

How does the case stand, then, by the legislative acts under which the grant was made? By those acts, the commissioners are authorized to accept the grant for the purpose of establishing a permanent seat of justice for the county, and it is declared that the title to the land when obtained, "shall be valid to the commissioners for and on behalf of said county to all intents and purposes;" that the land shall be divided off into lots, which shall be sold by the commissioners, and the proceeds of sales applied to defray the expenses of the public buildings to be erected there, and by the 14th section of the latter act, the commissioners are clothed with "full power to dispose of the lots for the benefit of said county as they may deem expedient." Under this power, the lots were sold and the avails applied to the purpose specified, and absolute titles made to the purchasers.

Looking alone to the object of these acts as stated on their

face, and which is declared to be, "to establish a permanent seat of justice in and for Yazoo county," it might with much force be contended, that the estate would revert to the grantor upon the removal of the seat of justice from the place intended by the grantor; and this might be the rule with regard to such parts of the property as were not aliened by the county. But this construction cannot prevail as to parties who become purchasers of the lots under the provisions of these acts. The right of absolute disposition of the lots is clearly conferred upon the commissioners, to the end that the avails of the property should be used for the erection of public buildings. In this way, the means to accomplish the object were to be raised; and without the right of absolute alienation, the main object must have been defeated, for it is not to be supposed that town lots could have been sold for a sufficient amount to accomplish the object, if the purchasers acquired merely an estate defeasible at any time. Therefore, the commissioners are vested, by the terms of the acts, "with full power to dispose of the lots as they may deem expedient for the benefit of Yazoo county." Thus the right of absolute disposition is given, both by the express terms of these acts, and by the objects intended, which must necessarily have been defeated without such power.

It is a cardinal rule of construction, that conditions are not sustained when they are repugnant to the nature of the estate granted, or infringe upon the essential enjoyment and independent rights of property, or tend manifestly to public inconvenience. 2 Cruise's Dig. 5, *et seq.*; 4 Kent, Comm. 131.

Here it is manifest that the condition asserted is incompatible with the nature of the estate intended to be granted to the purchasers, and destructive of the principal object in contemplation in authorizing the sales.

Upon a view of the whole record, we think the judgment is correct, and it is therefore affirmed.