MARK C. MEAGHER *vs.* CONSUELO M. A. HOYLE.

Suffolk.    March 8, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Agreement not Unconscionable and only to become Void at the Option of the Vendor — Fraud.*

By the terms of a written agreement, A. agreed to sell and B. to purchase land for $750, on certain conditions, and A. agreed to deliver a warranty deed when B.

should have paid the sum of fifty dollars, and should have made twenty-eight monthly payments of twenty-five dollars each. B. further agreed that, if he should change his place of residence without notice, and thereby or for any other cause default in payment for four weeks, the agreement should become null and void, and all moneys paid by him should be forfeited to the use of A. as liquidated damages. B. paid the fifty dollars and the first two instalments, and an action was brought by A. to recover $150, being six instalments, due and unpaid. *Held*, that the contract was not unconscionable, there being no suggestion of fraud, and that the provision as to the agreement becoming void meant that it was to become void at the option of the vendor, and that the vendee by making default could not avoid payment of the price.

CONTRACT. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*G. V. Phipps*, for the plaintiff.

*W. M. Crawford*, for the defendant, submitted the case on a brief.

LATHROP, J. The instrument declared on is not a bond for a deed, but an agreement by the terms of which the plaintiff agrees to sell and the defendant to purchase certain land in Newton for $750, on certain conditions. The plaintiff agrees to deliver a warranty deed, when the defendant shall have paid the sum of fifty dollars, and shall have made twenty-eight monthly payments of twenty-five dollars each. Then follows this clause: "And the said party of the second part [the defendant] further agrees that, if he shall change his place of residence without notice, and thereby or for any other cause default in payment for four weeks, this agreement shall become null and void, and all moneys paid by him shall be forfeited to the use of the party of the first part as liquidating [*sic*] damages."

The defendant paid the fifty dollars, and the first two instalments, and this action is brought to recover $150, being six instalments of twenty-five dollars each, which were due and unpaid when this action was brought.

The case was submitted on a brief for the defendant, and in it the only point is that the contract is unconscionable, because the defendant agrees that it shall become null and void if the defendant defaults in any payment for four weeks, while the plaintiff does not lose any of his rights; and because the defendant agrees to waive all of her rights, while the plaintiff

does not agree to waive any of his. We have examined the cases cited by the defendant's counsel, and find that they do not support his contention. There is no suggestion that fraud of any kind was practised upon the defendant; and without fraud the contract is not invalid. *Lamprey* v. *Mason*, 148 Mass. 231.

The case might well rest here; but if we go further, it is clear that the same result is reached.

The action is not for breach of contract, and therefore the rule of damages applicable to such a case does not apply. The action is for certain instalments of payment, which, by the fair intèndment of the contract, the defendant had agreed to pay.

The principal ground open to the defendant, but which, we think, she was well instructed not to rely upon, is the construction to be given to the clause by which she agrees that in case of default in payment for four weeks "this agreement shall become null and void." But all the authorities hold that this clause means that the agreement is to be void at the option of the vendor; and that the vendee, by making default, cannot avoid payment of the price. The authorities to this effect are numerous, and there are none the other way. *Manning* v. *Brown*, 10 Maine, 49. *Niles* v. *Phinney*, 90 Maine, 122. *Canfield* v. *Westcott*, 5 Cowen, 270. *Mancius* v. *Sergeant*, 5 Cowen, 271, *n.* *Church* v. *Ayers*, 5 Cowen, 272, *n.* *Folts* v. *Huntley*, 7 Wend. 210. *Barbour* v. *Brookie*, 3 J. J. Marsh. 511. *Mason* v. *Caldwell*, 10 Ill. 196. *Wilcoxson* v. *Stitt*, 65 Cal. 596. See also *Cartwright* v. *Gardner*, 5 Cush. 273.

*Judgment reversed.*