KENT *et al. v.* STEVENSON *et al.*

[90 South. 241.    No. 22226.]

1. DEEDS. *A "condition subsequent" renders a vested estate liable to be defeated, and must be strictly construed.*

A "condition subsequent" in a deed is a condition which operates upon an estate already vested, and renders it liable to be defeated; the estate conveyed remains defeasible until the condition is performed or destroyed or barred by limitation or estoppel; and such a condition in the deed is not favored in law, and is construed strictly because it tends to cut down or defeat the estate.

127 Miss.—34.

2. DEEDS. *Provision for grantees' transfer on failure to erect gin held not a condition subsequent, but a covenant.*

In a deed conveying land in consideration of a cash payment, and not for balance deferred payment, containing a covenant reciting, "for the further consideration that the grantees or their assigns will erect on the premises hereinafter described a cotton gin not later than the 1st day of January, 1921; and on the failure so to do will resell the same property to the grantor herein for the cash paid to the grantor to that date, and the further agreement that the grantees will execute at the same time a quitclaim deed to said property to the grantor," such covenant is not a condition subsequent.

3. DEEDS. *Covenant held to be for grantor's benefit, so that grantee would not be permitted to make default and to tender back the land and to receive payments.*

Such a covenant is for the benefit of the grantor, and not for the benefit of the grantee; and the grantee will not be permitted to make default in the performance of such covenant by failure to erect the cotton gin provided for, and by virtue of such default on his part be entitled to reconvey the land to the vendor, and receive back the purchase money paid the vendor therefor.

APPEAL from chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Bill in chancery by S. H. Kent and others against W. E. Stevenson and others, for specific performance of a contract containing a deed, and for an injunction to restrain the defendant above named from foreclosing a mortgage. Motion to dissolve temporary injunction was granted, and decree entered accordingly, and plaintiffs appeal. Affirmed and remanded.

This is a bill in equity by the appellants, Kent, Pinsky, and Hemilstine, complainants in the court below, against appellee Stevenson, grantor in a deed of land to appellants, and beneficiary in a mortgage, from the latter, and the defendant in the court below, for specific performance of a contract contained in said deed, and for an injunction to restrain the appellee from foreclosing said mortgage. The case was heard by the court below on an original bill and supplemental bill, and demurrer thereto by the appellee, and motion by appellee to dissolve the temporary in-

junction granted, which motion was sustained, and a decree entered accordingly, from which appellants prosecute this appeal.

The brief of counsel for the appellee contains such a clear and concise statement of the case that we adopt it as the statement of the court:

On the 22d day of March, 1920, W. E. Stevenson, one of the defendants in the court below, appellee here, conveyed to the appellants, by warranty deed, a certain tract of land in the town of Moorhead, in consideration of the sum of one thousand forty-three dollars and seventy-five cents in cash and one thousand forty-three dollars and seventy-five cents evidenced by the note of appellants, due and payable on the 1st day of January, 1921, and the further consideration that the grantees in said deed would erect on the premises, not later than the 1st day of January, 1921, a cotton gin, and, on the failure so to do, would resell the property to the grantor for the cash paid to the grantor to that date, and would execute to the grantor a quitclaim deed, reconveying to him the property; a copy of said deed is Exhibit A to the bill of complaint. Concurrently with the execution of said deed, the appellants executed, for the benefit of the appellee, W. E. Stevenson, a deed of trust on the property therein described, to secure the payment of the note for one thousand forty-three dollars and seventy-five cents maturing January 1, 1921; the cotton gin was not erected by the appellants pursuant to the agreement made by them in said deed; default was made in the payment of the note secured by the said deed of trust, and the land conveyed thereby was advertised thereunder for sale by W. L. Harrison, the trustee therein, one of the appellees; just after the land was advertised for sale, the appellants filed their bill of complaint, alleging that they had been unable, not through any fault of theirs, but because of the financial stringency of the times, to erect said cotton gin, and praying the court to require the appellee, W. E. Stevenson, to repay to them the sum of one thousand forty-three dollars and seventy-

five cents, the amount of cash paid for the land, and to accept a quitclaim deed thereto, executed by the appellants to the said Stevenson; before the sale was made a supplemental petition was·filed, praying for an injunction against the sale, and a temporary injunction was granted.

The appellants demurred to the bill of complaint, and filed a motion to dissolve the injunction on bill of complaint and demurrer, on the ground that the complainants could. not take advantage of that clause in the deed executed by the appellee, Stevenson, to them on March 22, 1920, which provided that, on the failure of grantees in said deed to erect on the premises prescribed therein a cotton gin not later than the 1st day of January, 1921, the appellants would resell the property to the grantor therein, the appellee; that the appellants could not take advantage of their own default in performing the covenants and agreements in said deed to be performed by them, and, by failing to perform their part of the contract, terminate the same; and that the clause referred to in said deed, and the provisions therein for the reconveyance by the grantees to the grantor, were for the benefit of the grantor, the said appellee, and not for the benefit of the grantees, the appellants; the court dissolved the injunction, and, on the application of the appellants, allowed an appeal to this court with *supersedeas.*

The pertinent part of the deed in question is in this language: "For and in consideration of the sum of one thousand and forty-three ($1,043.75) dollars and seventy-five cents, cash in hand, paid, the receipt of which is hereby acknowledged, and of one promissory note of even date herewith for one thousand and forty-three ($1,043.75) dollars and seventy-five cents due and payable on or before the 1st day of January, 1921, with eight per cent interest, interest payable annually, and for the further consideration that the grantees or their assigns will erect on the premises hereinafter described a cotton gin not later than the 1st day of January, 1921, and on the failure so to do will resell the same property to the grantor herein for the

cash paid to the grantor to that date, and the further agree-ment that the grantees will execute at the same time a quitclaim deed to said property to the grantor herein, I, W. E. Stevenson, do hereby convey and warrant unto S. H. Kent, H. Pinsky, and U. Hemilstine that certain par-cel or tract of land in section three, township eighteen, range three west, in Sunflower county, Mississippi, more particularly described as follows, to-wit," etc.

*Lamar F. Easterling,* for appellant.

The deed about which the controversy arose in this case, or that part which is material here, reads as follows : "For and in consideration of the sum of one thousand and forty-three ($1,043.75) dollars and seventy-five cents, cash in hand paid, the receipt of which is hereby acknowledged, and of one promissory note of even date herewith for one thousand and forty-three ($1,043.75) dollars, and seventy-five cents, due and payable on or before the 1st day of January, 1921, with eight per cent interest, interest pay-able annually, and for the further consideration that the grantees or their assigns will erect on the premises here-inafter described a cotton gin not later than the 1st day of January, 1921; and on the failure so to do will resell the same property to the grantor herein for the cash paid to the grantor to that date, and the further agreement that the grantees will execute at the same time a quitclaim deed to said property to the grantor herein, I, W. R. Stevenson, do hereby convey and warrant unto S. W. Kent, H. Pinsky and U. Hamilstine that certain parcel or tract of land in section three, township eighteen, range three west, in Sunflower county, Mississippi, more particularly described as follows, to-wit :"

The bill recites that the complainants in the court be-low, the appellants here were unable to build a gin upon the lot in question by January 1st, 1921, and that they had executed a quitclaim deed and tendered the same to the defendant, W. E. Stevenson, and demanded the sum of

one thousand and forty-three -dollars and seventy-five cents which they had paid in cash for said property, and the cancellation of the note, but. that this was refused by the said defendant.

The chief grounds assigned by the demurrer and motion to dissolve were, first, that the complainants could not take advantage of their failure to erect a gin: Second, that complainants could not take advantage of their own default in performing covenants and agreements mentioned in the deed; and Third, That the clause referred to in the deed a provision for reconveyance by the grantees to the grantor was not for the benefit of the grantees but for the sole benefit of the grantor.

In determining whether or not the demurrer and motion to dissolve are well taken, every reasonable intendment deducible from the allegations of the bill and exhibits will be construed in favor of the complainants and against the demurrer and motion to dissolve.

As to the first ground of demurrer, it is plain that the parties were free to contract as they pleased and that they reduced their understanding to writing in the deed, and that they contemplated and provided for just the contingency that did happen, to-wit; The failure to build the gin by January 1st 1921. It was provided in the deed, as a part of the consideration thereof, in accordance with the understanding of the parties, what should follow upon the breach of the grantees to build the gin, that is that they were to reconvey, the estate to the grantor for the purchase money paid to that time, without interest.

It is plain from a reading of the deed that the grantor was particular and specific in providing that if the lot was used for the purpose of building a gin by a certain time, that it was to be reconveyed to him for the exact amount that had been paid to him at that time. The hope upon which the appellees insist is based upon the proposition that the deed does not contain the correlative proposition that the grantor agreed to re-purchase, and that

for this reason the clause in question is not mutual and binding upon both parties.

That this clause is binding upon the grantor and the grantees as a part of the contract between the parties, we refer the court to the case of *Butler* v. *Thompson,* 92 U. S., page, 412, (L. Ed. P. 684) ; *White* v. *Miller,* 8 L. R. A. (N. S.) page 731; *Field* v. *Leiter,* 118 Ill. 17, 6 N. E. 877; *Thrall* v. *Newell,* 19 Vt. 202, 47 Am. Dec, 682; *United States* v. *Central P. R. R. Co.,* 118 U. S. 235, 30 L. Ed. 173, 6 Sup. Ct. Rep. 1038; *Johnson County* v. *Wood,* 84 Mo. 489. 13 Corpus Juris, pp. 333, 334 C. J., sec. 180; — v. *Wallace,* 58 Colo. 364, 147 Pac. 686; *Beury* v. *Fay,* 73 W. Va. 460, 80 S. E. 777; *Hastings First National Bank* v. *Corporation Securities Co.,* 128 Minn. 341, 150 N. W. 1084; *Turman* v. *Smarr,* 145 Ga. 312, 89 S. E. ·214; *Thomas-Huycke-Martin Co.* v. *Gray,* 94·Ark. —, 125 A. W. 659, 140 A. S. R. 93; *Minneapolis Mill Co.* v. *Goodnow,* 40 Minn. 497, 42 N. W. 356, 4 L. R. A. 202; *Lewis* v. *Atlas Mutual Life Ins. Co.,* 61 Mo. 534; *Jones* v. *Binford,* 74 Me. 439; *Miller* v. *Board Com. Weld. Co.,* 17 Colo. App. 120, 67 Pac. 347; *Banger Furnace Co.* v. *Magill,* 108 Ill. 656. In 6 Ruling Case Law, page 689, it is said: A contract does not lack mutuality merely because every obligation of the one party is not met by an equivalent counter obligation of the other party. Sometimes it is difficult to determine whether under the terms of a particular contract both parties are bound. Whether the doctrine of mutuality is applicable to such a case depends on the interpretation of the contract. Applying this doctrine to the case in hand, it will be seen that the contract in the deed recites, that the grantees, as a part of the consideration, agreed to erect a gin by January 1st, 1921, and that upon their failure so to do, they were to resell the same property to the grantor for the cash paid to the grantor to that date, and they further agreed that they would execute a quitclaim deed to the grantor to said property at that time.

In signing this deed with this clause in it, the grantor necessarily assented to an agreement with the grantees upon all the terms of this clause. The very wording, and the further agreement that the grantees will execute at the same time a quitclaim deed to said property to the grantor, shows beyond any dispute that it was agreed by and between the grantor and the grantees; that upon failure to erect the gin by the date fixed, the grantees were to resell the property to the grantor for the price paid to him. This agreement on the part of all parties, that the grantees were to resell upon the contingency named, implied necessarily the correlative and corresponding agreement on the part of the grantor to purchase and to repay the consideration named. (R. C. L. 837-38). Another valuable rule of construction, is that if a contract is of doubtful meaning and one construction would make it legal and another illegal, the court will adopt that construction consistent with legality. (6. R. C. L. 854); *Vandergrift* v. *Shortridge,* 181 Ala. 275, 61 So. 897; *Vizard* v. *Robinson,* 181 Ala. 349, 61 So. 959.

Doubtful provisions in a deed are construed most strongly against the grantor. *L. & M. V. R. R. Co.* v. *Lake View N. Co.,* 100 Mo. 281, 56 So. 393. Ambiguous terms of a contract are to be construed against the party using the words. *Mige* v. *Green,* 58 So. 381, (Ala.)

Where it appears by a contract that a party intends to bind himself, trivial inaccuracies will be disregarded, and, if the intention of the parties can be ascertained, the courts will effectuate it. *Isler* v. *Isler,* 70 So. 455 (Miss.); *Wyatt* v. *Larimer & Weld. I. Co.,* 36 A. S. R. 287.

So we say in this case, under the authorities cited that if it should appear doubtful whether the grantor intends to bind himself or not, still we say that this contract, having been prepared by the grantor, is to be construed most strongly against him. Our own supreme court, in the case of *Wilbourne* v. *Bishop,* 62 Miss. 341, speaking through CAMPBELL, Judge, says: "The paper of the 7th of March, 1878, executed by John Bishop, evidences a con-

tract of sale capable of enforcement.   It is sufficiently certain in its terms, and is supported by a sufficient consideration, and its specific performance will not be inequitable, but highly equitable, and will be the accomplishment of what John Bishop manifestly contemplated and stipulated for.   The instrument furnishes the basis for computation of the amount Bishop was to receive for the purchase money and fixes the contingency on which the sale was to be finally consummated.   It was, therefore, definite and certain enough.   Although the paper contains no provision except in favor of Bishop, who executed it, the circumstances connected with the transaction are enough to raise an implication of corresponding and correlative obligation on the part of the Wilbournes."

The court further says: "The circumstances fairly raise an implication of reciprocity of obligation between the parties."   7 Am. Eng. Ency. of Law, page 142: *Amory Mfg. Co.* v. *Gulf Etc. Ry. Co.*, 89 Tex. 419, 59 A. S. R. 67; *Kendrick* v. *Life Insurance Co.*, 70 A. S. R. 596; *Hoffman* v. *Aetna Etc. Ins. Co.*, 32 N. Y. 413, 88 Am. Dec. 337, 5 Hill 147, 149; *Barlow* v. *Scott*, 24 N. Y. 40, 6 R. C. L.; *State* v. *Laclede Gaslight Co.*, 22 A. S. R. 789; *Richardson* v. *Lord*, 1 Wis. 286, 60 Am. Dec. 381; *Harrison* v. *Berkley*, 1 Strob. 525, 47 Am. Dec. 578; *Hockok* v. *Hine*, 23 Ohio, St. 523, 13 A. R. 244; and *Charters Village of Carthage* v. *Frederick*, 122 N. Y. 268; 19 Am. St. Rep. 490; and Note.

The grantor manifestly intended, that if the grantees failed to erect a gin, that he would accept a conveyance and pay them the money paid.   This was a part of the consideration of the deed.   This was the understanding as expressed in the deed.

There was at one time a conflict in the authorities to the effect as to whether both parties were bound by the covenants contained in a deed poll executed by the grantor alone; but it is now held that a deed containing covenants to be performed by the grantee becomes binding when he accepts the estate, although the deed is only signed by

the grantor, for the deed is deemed the deed of both parties, and the grantee is as effectually bound as though he had signed the instrument. *Bowen* v. *Beck,* 94 N. Y. 86, 46 A. R. 124; *Haggerty* v. *Lee,* 54 N. J. L. 580, 25 Atl. Rep. 319. This is the rule in Mississippi; see *Marquez* v. *Caldwell,* 48 Miss. 33; *Lee* v. *Newman,* 45 Miss. 372; *Atkinson* v. *Whitney,* 67 Miss. 665; *Peevy* v. *Horton,* 72 Miss. 922, 17 So. 378, 18 So. 357, 48 A. R. 592; *Lowber* v. *Connit,* 36 Wis. 183; *Randle* v. *Latham,* 38 Conn. 48.

So we say in this case, that the grantor ought not to be in a position where he can hold the other party to the contract and compel its performances if advantageous to him, and, at the same time, be at liberty to avoid the contract on his part if disadvantageous.

*Preble* v. *Abrahams,* 88 Cal. 245, 26 Pac. 99, 22 A. R. R. 301; see also *Hamilton* v. *England,* 95 C. J. 693, 22 S. E. 697; *Thornton* v. *Kelly,* 11 R. L. 498, 39 Cyc. 1193, 39 Cyc. page 1207; *Ferguson* v. *Gentzendaner,* 98 Tex. 310, 83 S. W. 374; *Butler* v. *Ohear* (S. C.) 1 A. D. 671; *England,* 59 Ga. 693, 22 S. E. 697; *Thornton* v. *Kelly,* 11 R. I. 498; *Richard* v. *Edick,* 17 Barb. (N. Y.) 260; *Cross* v. *Snakenberg,* 125 Iowa, 636, 102 N. W. 509; *Flanders* v. *Merrill,* 38 Iowa, 593, 39 Cys. 1208; *Atkinson* v. *Whitney,* 67 Miss. 655, 7 So. 644; *Whitney,* 67 Miss. 655, 7 So. 644, 39 Cyc. 1228.

We therefore, respectfully submit that the motion to dissolve the injunction should have been overruled, and respectfully request that the judgment of the lower court sustaining said motion be reversed, and the cause remanded to the lower court to enter the proper decree in favor of the appellant and, if mistaken in this, that the cause be reversed and the injunction continued until the case is heard upon its merits.

Respectfully submitted.

*Chapman & Johnson,* for appellees.

The theory of the appellant in the lower court was, and their whole argument here is, that unless the appellants

have the right, after making default in their agreement to erect a gin, to force the grantor in the deed, W. E. Stevenson, to take back the land and pay them the amount of cash therefore paid as a part of the consideration therefor, the mutuality of the contract is destroyed; that a default on their part in the performance of one of the covenants of the deed, constituting a part of the consideration therefor, of necessity relieves them from further performance of their contract, and places them in a position to force the grantor, though he was not in default, to forego certain advantages that would arise to him and not only to accept a quitclaim deed from the grantees in the deed, conveying the land back to him, but also to return to them the cash theretofore paid, and to cancel the note evidencing the deferred payment, or else the mutuality of the contract is destroyed.

It is the contention of the appellants, that the provision in the deed that the grantees should reconvey the property to the grantor on their failure to erect a gin, was for the benefit of the grantor, to be exercised by him or not, as he should choose, and, that if the mutuality of the contract is to be preserved, this must be true; for otherwise, it would leave everything in the hands of the appellants, and they could defeat the contract, or make it operative as best subserved their interests; they could keep the land, and, if it suited their purpose, could erect the gin and pay the note due January 1st, 1921, or, if it did not suit their purpose, as it seems that it did not, they could decline to erect the gin and thereby not only relieve themselves of the obligation of the note, but also have returned to them the money already paid, thus leaving the grantor in the deed absolutely at their mercy, and deprived of the use of the land and the right to convey it during that period.

It is universally held that such provisions in contracts are for the benefit of the grantor: So long as there has been no default on the part of the vendor, the purchaser has no right to rescind the contract so as to affect in any way his liability for the agreed purchase money, and if

earnest money, or a partial payment is made, the purchaser cannot, by a forfeit of the money paid, relieve himself from further liability, if he has agreed, expressly or impliedly, to make the purchase. 27 R. C. L. page 642, section 403, 27 R. C. L. page 644, section 406, 39 Cyc. 1361; *Mason* v. *Caldwell* (Ill.), 48 Am. Dec. 330; *Meagher* v. *Hoyle* (Mass.), 54 N. E. 347; *Stewart* v. *Griffith* (U. S.), 54 Law Edition, 782; *Wilcoxson* v. *Stitt* (Calif.) 53 Am. Rep. 310.

The same rule is laid down in an early Mississippi case, which seems to be the only case in Mississippi directly on the point. *Beaty* v. *Harkey,* 2 Sm. & M. 563.

In the instant case, the appellants were to pay for the land in part by the erection of a gin thereon; they do not erect the gin; they thereby fail to pay a part of the consideration; they say we will not pay, and so undertake to avoid the contract, they can no more avoid the contract by not paying that part of the consideration than they could by not paying any other part of the consideration. If the deed had provided that on the failure to pay the note for one thousand and forty-three dollars and seventy-five cents due January 1st, 1921 the title to the property should *ipso facto* revert to the grantor or the grantees should reconvey it by quitclaim deed, then on the theory of the appellants, by failing to pay the note, the title would revert, the instrument would become null and void, and the collection of the note unenforcible by the grantor. But this is not the law, for in no instance, under a contract containing a provision that on default of the purchaser in the performance of the conditions on his part, it shall become null and void, or the title shall revert, or the like, can such a clause be availed of by the purchaser to avoid the contract. It is universally held that such a provision is for the benefit of the vendor and of the vendor alone. *Lane* v. *Manning* (Tenn.), 29 Am. Dec. 125; *Bradford* v. *Parkhurst* (Calif.), 31 A. S. R. 189; *Fouts* v. *Foundary* (Okla.) Ann. Cas. 1913E., page 301, 304; *Loud* v. *Pamona Land & Water Co.* (U. S.), 38 Law Edition, pages 822, 829; *Mortimer* v. *Hannah,* 82 Miss. 645 (35 So. 159); *K. P.*

*Mining Company* v. *Jacobson* (Utah), 4 L. R. A. (N. S.) 755.

The argument of opposing counsel that a provision in the deed inuring to the benefit of the vendor alone is inequitable and unconscionable is unsound.

We do not attack the soundness of the decisions relied on by opposing counsel, but deny their applicability. Of the many decisions cited, we deem it necessary to refer to only one which, from the part quoted, might appear to have some bearing on the question involved. In *Citizens Water Co.* v. *McGinley* (Tex.), 175 S. W. 457, a part of the consideration of the deed was that the grantee, the Citizens Water Company, obligated themselves to drill a well on the land, and, on their failure so to do, to reconvey the land to the grantor. The grantee failed to drill the well, and the grantor demanded a reconveyance of the land to him, and the court held that the grantor could force the grantee to reconvey after a breach by the latter of the contract. So, in the case at bar, the grantor, Stevenson, could have insisted on a reconveyance to him, had he desired; he was not in default; the other party was in default; the clause for a reconveyance was for his benefit and not for the benefit of the grantees in default.

We respectfully submit that all of the authorities sustain the position of appellees, that the learned chancellor ruled correctly in decreeing the injunction dissolved, and that the case should, therefore, be affirmed.

ANDERSON, J., delivered the opinion of the court.

(After stating the facts as above.) The contention of appellants is that, unless they have the right, after making default in carrying out their agreement to erect the gin, to force the appellee to take back the land and return to them the cash installment theretofore paid by them as part of the consideration for the deed, the mutuality of the contract is destroyed; that default on the part of the appellants in the performance of the covenant in the deed to

erect a gin on the lot necessarily relieves them from further performance of their contract, and that they are in a position, therefore, to force the grantor, the appellee, who is without fault, to cancel the whole contract, leaving both parties in exactly the same position as if no contract had ever been made; that a breach of the covenant in question by the appellants carries with it the right of both the grantor and the grantees to cancel the contract and restore the *status quo.*

On the other hand, the appellee, the grantor, contends that the stipulation in question in the deed providing that appellants, the grantees, should reconvey the property to the appellee, the grantor, on the failure of the former to erect the gin on the lot conveyed, was for the benefit of the appellee, to be taken advantage of by him or not as he should choose; that otherwise there would be no mutuality in the contract, because the power to rescind the contract and take advantage of the default would thereby be left alone in the hands of the appellants, the grantees; that therefore they would be in a position to defeat the contract or make it operative as best subserved their interest; that they could retain the land if it suited their purpose; on the other hand, if it did not suit their purpose (as it did not), they could decline to erect the gin, and thereby not only relieve themselves of the obligation contained in their note for the unpaid purchase money, but would also be entitled to have the purchase money already paid returned to them; and that therefore the appellee, the grantor, would be absolutely at the mercy of the appellants, the grantees.

If the contention of appellants be sound, the covenant in question is a condition subsequent. A condition subsequent in a deed is a condition which operates upon an estate already vested, and renders it liable to be defeated. The estate conveyed remains defeasible until the condition is performed or destroyed or barred by limitations or by estoppel. *Memphis Ry. Co.* v. *Neighbors,* 51 Miss. 412. But conditions subsequent in deeds are not favored in the law, and are construed strictly because they tend to cut

down and defeat the estate.   The courts will not construe a covenant in a deed as being a condition subsequent unless the condition be in express terms, or arise by necessary implication.   *Gadberry* v. *Sheppard,* 27 Miss. 203.   In construing the covenant in question, these principles should be kept in mind.

There seems to be numerous authorities as to the meaning and effect of covenants similar to the one in the case at bar.   In 27 R. C. L. p. 642, section 403, it is stated that, so long as there is no default on the part of the vendor, the vendee has no right to rescind the contract so as to affect in any way his liability for the purchase money, or earnest money, or partial payment, or relieve himself from further liability, where he has expressly or impliedly agreed to make the purchase.   And in 27 R. C. L., p. 644, section 406, it is stated that a provision in an executory contract for the sale of land providing for a forfeiture of the purchaser's right under the contract in case of his failure to perform the contract is usual; and if such a covenant provides an option in the vendor to declare the contract at an end on the purchaser's default, this gives no corresponding right to the purchaser to take the same course and avoid further liability; that the doctrine as to the necessity of mutuality in contracts does not require that, because the vendor has the right to treat the contract as void, it follows that the purchaser has the same right; that, as a rule such a provision in a contract is construed as intended solely for the benefit of the vendor, which he may waive or not as he may see fit; and that a purchaser cannot take advantage of his own default to escape liability for the purchase money; that this is true although the contract provides that, upon default on the part of the purchaser, the contract shall be void, or void and of no effect. or the like. To hold otherwise would allow the purchaser to take advantage of his own fault without any advantage whatever to the vendor, but rather to the latter's injury, as in the meantime he is prevented from selling the land to any other purchaser.   39 Cyc. 1361.

In *Mason* v. *Caldwell,* 5 Gilm. (Ill.) 196, 48 Am. Dec. 330, the court, in discussing this question, used the following language: "It is argued that, because the obligee, in the event of nonpayment, may treat the bond as determined, mutuality requires that the obligor should have the same privilege. This argument refutes itself. It is as much a *felo de se,* as it would make the bond. To admit the defendant's position is to leave everything in his own hands. It allows him to defeat, or make the bond operative, as may best subserve his interest, without any discretion on the part of the obligee. It converts the bond into a naked proposition, absolutely binding on the seller, but which the purchaser may accept or reject by the payment or nonpayment of the money. By thus putting the entire control in the hands of the latter, all mutuality is destroyed."

And in *Meagher* v. *Hoyle,* 173 Mass. 577, 54 N. E. 347, the court said that the authorities were unanimous that the vendee could not, by making default, avoid payment of the purchase price, but that the clause, "this agreement shall be null and void," meant that the agreement was to be void at the option of the vendor. And in *Stewart* v. *Griffith,* 217 U. S. 323, 30 Sup. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639, the supreme court said, in passing on a covenant in a deed that such a condition was plainly for the benefit of the vendor, and for his benefit alone, that the word "void" in such a stipulation meant voidable at the vendor's election, who had the right to either enforce or waive such provision as he might see fit. There are very numerous authorities holding the same principle, although the only case cited in the briefs of counsel from the supreme court of this state is *Beaty* v. *Harkey,* 2 Smedes & M. 563, in which the court held that a covenant in a deed providing that, in case the vendor could not convey, or the purchaser should fail to pay on the appointed day, the contract should be void, would not enable either party to avail himself of it by failing to perform his part of it.

If appellants' contention be conceded, then the deed, the note for the purchase money, and mortgage securing same

all amount to nothing, except a mere option to be exercised by appellants alone, to purchase the lot from appellee, notwithstanding a fee-simple title was conveyed by the deed, and a mortgage conveying the same character of title executed to secure the balance of the purchase money. There indeed would be an absence of mutuality in an arrangement of that kind. Such a contract would be so one-sided and unreasonable that it ought not to be so construed unless its language is so plain that there is no other reasonable construction. In the opinion of the court the reasoning of the authorities referred to is sound, and therefore the covenant in question is not a condition subsequent, but a stipulation alone for the benefit of the appellee, the vendor.

*Affirmed and remanded.*