Appeal from Fifth District.

## HARSH v. NEIL.

No. 3186.   Decided Sept. 26, 1918.   (175 Pac. 606.)

1. VENDOR AND PURCHASER—RIGHTS OF VENDOR—FORFEITURE OF CON-
TRACT—RE-ENTRY ON LAND BY VENDOR.   Where purchaser defaults
in payment of purchase price, and vendor terminates contract and
re-enters upon land, vendor's remedy, if he has suffered injury in
excess of money paid and value of improvements made by pur-
chaser, is an action for damages for breach of contract.   (Page 537.)

2. VENDOR AND PURCHASER—RIGHTS OF VENDOR—DEFAULT BY PUR-
CHASER—ACTION FOR CONTRACT PRICE.   Where purchaser defaults
in payment of purchase price, vendor cannot, after terminating con-
tract and re-entering upon land, bring action for the contract price
with interest, or for any part thereof.[1]   (Page 538.)

3. VENDOR AND PURCHASER—RIGHTS OF VENDOR—RE-ENTRY ON LAND.
Where purchaser of land on contract executes bill of sale of team
and wagon as security for payment of purchase price, vendor, by
terminating contract, declaring a forfeiture of the money paid on
the purchase price and re-entering upon land, on default by pur-
chaser, waives all interest in the team and wagon by virtue of the
lien being represented by the bill of sale.   (Page 539.)

Appeal from the District Court of Millard County, Fifth
District; *Hon. Joshua Greenwood,* Judge.

Action by G. N. Harsh against F. H. Neil.

Judgment for plaintiff.

Defendant appeals.

REVERSED, with directions to vacate judgment and dismiss
action.

*L. L. Bagley* for appellant.

*Wm. B. Higgins* for respondent.

---

[1]*Dopp* v. *Richards,* 43 Utah, 332, 135 Pac. 98.

STATEMENT OF FACTS.

The facts and circumstances relating to the transactions leading up and that gave rise to this controversy are about as follows:

On February 9, 1912, plaintiff and defendant entered into a written contract at Delta, Millard County, Utah, by the terms of which plaintiff agreed to sell to defendant, and defendant agreed to purchase from plaintiff, 80 acres of land situated at Delta, Utah, for the sum of $6,400. Defendant, under the terms of the contract, assumed a mortgage against the property for $2,000, paid $1,000 of the purchase price at the time the contract was executed, and agreed to pay the balance of the purchase price ($3,400) on or before June 15, 1912. He also agreed to pay all assessments levied on certain "water stocks" representing certain water rights appurtenant to the land, and all taxes levied against the property for the year 1911, and all subsequent taxes levied thereon. The contract further provided that:

"Time is the essence of this contract, and in case said party of the second part [defendant herein] shall refuse or neglect to pay said purchase money as agreed herein, he shall forfeit any right he may have to said premises and also shall forfeit any money paid by him to said first party to purchase the same unless the said first party shall otherwise elect."

The contract further provided that:

"Said party of the second part shall be entitled to the possession of said premises so long as he shall comply with the terms of this agreement; but upon failure to comply with the same his right to possession shall terminate and he shall surrender the possession of said land and improvements thereon, if any, to said first party and any money paid by the said second party, by virtue of this agreement, shall be retained and shall remain the property of the first party, and the second party shall thenceforth be a tenant of the first party, holding over after the expiration of his term."

The improvements on the land consisted of a house, a well, a partially constructed barn, and some fencing. Upon the

execution of the contract defendant went into possession of the property, cleared ("brushed and railed") 17½ and plowed 35 acres of the land. He also made some improvements on the barn and constructed a fence along the north and south sides and on the east end of the land. It is conceded that the substantial improvements thus made on the property by defendant were of the value of $395. Defendant also paid $25 interest on the mortgage against the property, the payment of which he had assumed. Defendant was unable to pay the first installment of the unpaid purchase price when it came due, June 12, 1912. On June 28, 1912, and in consideration that the time of payment be extended until December 15, 1912, defendant gave plaintiff, as additional security for the payment of the balance of the purchase price, a bill of sale to a team, wagon, and harness. A writing designated a "Memorandum of Agreement," containing the terms of the transaction, was signed by the parties. The document provided, so far as material here, that:

"Whereas, the party of the second part, above named, as a consideration for the said extension of time, has this day executed and delivered to the said party of the first part, above named, a certain bill of sale transferring to said party of the first part above named the title to a certain team, wagon, and harness, * * * as additional and further security for the performance on his part of the terms of the contract for the sale of the said real estate, and it is mutually agreed that the party of the second part above named is to retain possession of the said personal property."

Plaintiff, at the time of the execution of the bill of sale, gave defendant a receipt in writing which recited in part:

"Received of F. H. Neil a certain bill of sale * * * transferring to me the title to a certain team, wagon, and harness described in said bill of sale, and I acknowledge that I hold the same as security for the performance of a certain contract for the sale of 80 acres of land in Millard Co., Utah. * * * [Signed] G. N. Harsh."

Some time after the execution of the bill of sale, and while the contract was in force, defendant sold one of the

animals of the team therein mentioned for $100 and turned the money over to plaintiff as part payment of the balance due on the purchase price of the land. No further payments were made by defendant, and on or about October 4, 1915, plaintiff terminated the contract and took possession of the land.

On February 16, 1916, plaintiff commenced this action. Two alleged causes of action are set out in the complaint. In the first cause of action the substance of the contract is set forth. Defendant's failure to pay the assessments and taxes herein referred to, and his failure to pay the balance due on the purchase price of the land, are alleged as grounds for recovery. It is also alleged that:

"By the terms of the said contract, if the defendant did not pay the said principal and interest as agreed in said contract, all moneys which have been paid upon the said contract shall be retained by the party of the first part and the land and water shall revert back to the party of the first part, together with the improvements."

In the second cause of action plaintiff seeks to recover the value of the harness and wagon and one of the team animals described in the bill of sale hereinbefore mentioned. It is alleged in paragraph 8 of the complaint:

"That on or about March 31, 1915, the defendant unlawfully sold the said harness and wagon and the said brown mare and appropriated the proceeds thereof to his own use, except the sum of $100 of the purchase price of said mare, which the defendant sent to plaintiff."

The complaint contains the following general allegations regarding the alleged derelictions of defendant respecting the matters set forth in the two causes of action, namely:

"That there is due and owing and unpaid from the defendant to the plaintiff according to the terms of the said contract $3,400 of principal, $723 interest upon said principal, $50 interest upon the said mortgage, $130 upon the said harness, wagon, and brown mare, $60.50 assessment upon the said water stock, and $9 taxes upon the said land and water, making in all $972.50."

In his prayer plaintiff demands:

"Judgment against the defendant for the sum of $972.50, together with the costs of this action, and that the plaintiff have possession of the said land and water, and that the defendant be enjoined from in any way molesting the same, or asserting any authority or control over the same, and that the said contract be canceled and declared to be of no force and effect, and that the plaintiff have other and further relief as to the court may seem just in the premises."

Defendant in his answer admitted that he failed to pay the assessment and taxes referred to and failed to make final payment on the land as provided in the contract. Answering paragraph 8 of the complaint:

He "admits the same and admits that he forfeited all money paid and further admits that he has forfeited all rights under said contract, but denies any other and further liability."

The cause was tried to the court, and judgment was entered in favor of plaintiff for the sum of $488 and costs. Defendant appeals.

McCARTY, J. (after stating the facts as above).

The phraseology of the complaint in the first cause of action indicates that plaintiff is seeking to recover judgment for the unpaid balance of the principal—purchase price— and interest thereon, and for assessments and taxes levied against the property during the time defendant was in possession of it. In his prayer for relief he asks for judgment for a sum equal to the assessments and taxes mentioned, and in effect waives judgment for the unpaid balance of the principal. He was permitted, however, to try the cause on the theory that he was entitled to recover for the interest alleged to be due on the unpaid balance of the principal and for damages for breach of contract, and was permitted, over the objections of defendant, to introduce evidence tending to show that the land had depreciated in value. The court ruled the case on the theory upon which it was

tried. Findings of fact and conclusions of law were waived by the parties, and none were made by the court. The court, however, on its oral decision, said:

"The court would not be warranted in finding that this property had decreased in value. There is not anything in the whole history of the case to show that it could decrease in value. * * * It has been improved, if anything. * * * The tendency according to the testimony is that it [the market value] has been upward, instead of downward. There is $1,188 interest. * * * This team and outfit that was * * * turned over to the plaintiff * * * became the property of the plaintiff, and not of the defendant, * * * so there would be $300; that would make $1,488. There has been paid $1,000, which would leave $488 due the plaintiff under the testimony and under the law."

This case comes within and is governed by the rules announced in the case of *Dopp v. Richards*, 43 Utah, 332, 135 Pac. 98. In that case, in a well-considered and somewhat exhaustive opinion prepared by the present Chief Justice, it is said:

"Under contracts like the one in question, the vendor has a choice of remedies: (1) An action for specific performance; (2) a suit at law to recover the purchase price, with interest; and (3) to re-enter and take possession of the land, and sue to recover damages for the breach of the contract."

Attention is invited to the numerous authorities bearing on these questions cited in the opinion, which we deem unnecessary to refer to here.

In the case at bar, plaintiff having entered upon and taken possession of the land, and terminated the contract, and declared a forfeiture of the money paid on the purchase price, his remedy, if he had suffered injury in excess of the money paid and the value of the improvements made on the land by defendant, was a suit for damage for breach of contract. He could not, after having terminated the contract, repossessed himself of the land, and declared a forfeiture of the $1,125 paid on the purchase price,

successfully prosecute an action for the contract price with interest, or any part thereof.

Plaintiff, by terminating the contract, declaring a forfeiture of the money paid on the purchase price, and, taking possession of the land, waived any interest he had in the team and wagon by virtue of the lien represented by the bill of sale, and the court erred in rendering judgment for the value of the outfit. The only conclusion permissible from the record is that plaintiff, by terminating the contract, taking back the land, and declaring a forfeiture of the money paid on the purchase price, has been benefited rather than damaged. He has received in cash the equivalent of the rate of interest named in the contract on deferred payments of the purchase price; he has had the benefit of approximately $400 of substantial improvements made on the land by defendant, and also the benefit of the enhanced value of the land, which the weight of the evidence tended to show, and the court concluded, had taken place during the time defendant was in possession.

The cause is reversed, and, since the record shows that plaintiff is not entitled to recover on any theory recognized by law, the trial court is directed to vacate the judgment and to dismiss the action. Appellant to recover costs.

FRICK, C. J., and CORFMAN, THURMAN, and GIDEON, JJ., concur.