## ROSE v. GARN.

No. 3461.   Decided July 10, 1920.   (191 Pac. 645)

SPECIFIC PERFORMANCE—VENDOR NOT ENTITLED WHERE AGREEMENT PROVIDES FOR LIQUIDATED DAMAGES ON BUYER'S BREACH. Under an agreement whereby abstract and deed were placed in escrow and were to be delivered to grantee "upon payment" of certain amounts and providing for forfeiture of sums paid as liquidated damages, on buyer's breach, *held*, that failure of grantee to make one of such payments terminated the transaction, and vendor was entitled only to retention of installments paid and repossession of the property and could not specifically enforce the agreement as a contract of sale of the property.

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by Thomas J. P. Rose against M. A. Garn. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*Walters & Harris*, of Logan, for appellant.

*W. J. Lowe*, of Brigham, for respondent.

CORFMAN, C. J.

Plaintiff commenced this action against the defendant to compel the specific performance of a contract made August

15, 1918, with respect to real property situated in Box Elder county, Utah, and certain farming implements used in connection therewith. Attached to and made a part of plaintiff's complaint was the contract. A deed for the real estate and a bill of sale for the personal property were made by the plaintiffs as vendor to the defendant as vendee simultaneously with the contract and placed with the Bank of Garland, Utah, as an "escrow holder," to be delivered to the defendant "upon payment to the said escrow holder of the sum of $29,000, as follows, to-wit: $500.00 September 1, 1918, $28,500.00 on or before January 1, 1919." Said contract or escrow agreement between the parties further provided:

"In the event that said payments are not made when due, or thirty days thereafter, said deed, abstract, and other papers deposited with this agreement shall become null and void and all sums of money theretofore paid by the grantee shall be forfeited to the grantors as liquidated damages."

There are other provisions in the contract to the effect that the defendant shall be entitled to the immediate possession of the property, and that defendant shall pay all taxes, assessments, water charges, or rents assessed, levied, or charged against the land or water stock during the life of the contract except for the year 1918. It is further alleged in substance by the amended complaint of the plaintiff that immediately after the execution of the contract by the parties defendant paid $500 on the purchase price ($29,000) of the property and entered into the possession of the same and thereafter on September 1, 1918, pursuant to the terms of the contract, made a further payment of $500; that the defendant continued in possession of the property until on or about February 4, 1919, at which time defendant attempted to repudiate the agreement and refused to proceed further under the same.

The prayer of the complaint is for specific performance of the contract, for judgment against the defendant in the sum of $28,500, and that a vendor's lien be declared against the property; that the property be sold to satisfy the same, and for general equitable relief.

The defendant filed both a general and special demurrer to the amended complaint, and the demurrer being sustained the plaintiff refused to further plead, whereupon a judgment of dismissal was entered by the district court from which the plaintiff appeals.

Necessarily, the case involves a construction of the contract sued upon, and the only question raised for our determination on the appeal is whether or not the judgment of dismissal entered by the district court is to be sustained.

. The defendant contends that his failure to make any further payment on the purchase price of the property or to further perform, under the provisions of the contract, and the forfeiture of the sum paid as provided for therein, relieved him from further obligation or liability to the plaintiff. The plaintiff insists that by the defendant's failure to further perform the conditions of the contract he was not confined in his remedy against the defendant to a retainment of the money paid as liquidated damages, but that he had an election of remedies, viz.:

"That at his election he may (1) specifically enforce the contract, or (2) sue at law to recover the purchase price remaining due, or (3) re-enter and take possession of the lands and recover damages for the breach of the contract."

In the present case, as pointed out, plaintiff sues for spcific performance and general equitable relief. Evidently the district court took the view in passing on the defendant's demurrer to the plaintiff's complaint that, under the provisions of the contract in question, upon the failure of the defendant to make further payments on the purchase price of the property or to further perform, the plaintiff was limited in his rights to the retention of the installments then paid and to repossession of the property. It is quite true that courts have generally held that forfeiture clauses in contracts affecting the sale of real property are usually made for the sole benefit of the vendor as contended for by plaintiff in this instance. Counsel for plaintiff have cited us to numerous cases and authorities upon which they rely in support of their contention. Among them is the leading case of *Wil-*

*coxson* v. *Stitt,* 65 Cal. 596, 4 Pac. 629, 52 Am. Rep. 310, followed in the following cases: *Freeman* v. *Griswold,* 4 Cal. Unrep. Cas. 256, 34 Pac. 327; *Bohart* v. *Investment Co.* 49 Kan. 94, 30 Pac. 180; *Shermere* v. *Pritchard,* 104 Wis. 287, 80 N. W. 458; *Meagher* v. *Hoyle,* 173 Mass. 577, 54 N. E. 347; *Steel* v. *Long,* 104 Iowa, 39, 73 N. W. 470; *Maffett* v. *Railway Co.,* 46 Or. 443, 80 Pac. 489; *Westervelt* v. *Huiscamp,* 101 Iowa, 196, 70 N. W. 125; *Cullen* v. *Land Co.* (Colo.) 184 Pac. 303; *Smith* v. *Mohn,* 87 Cal. 489, 25 Pac. 696; *Reed* v. *Hickey,* 13 Cal. App. 136, 109 Pac. 38; *Newton* v. *Hull,* 90 Cal. 494, 27 Pac. 429; *North Stockton* v. *Fisher,* 138 Cal. 100, 70 Pac. 1082; *Fouts* v. *Foudray,* 31 Okl. 221, 120 Pac. 960, 38 L. R. A. (N. S.) 256, Ann. Cas. 1913E, 301; *Lumber etc., Co.* v. *Town Co.,* 51 Kan. 394, 32 Pac. 1100. In the case of *Wilcoxson* v. *Stitt* the contract before the court was one wherein the plaintiff agreed to purchase, for a stipulated price payable in installments, certain real property on or before a specified date. The contract in legal effect was an absolute sale and contained the following provision:

"In the event of failure to comply with the terms and all the conditions hereof by the party of the second part the party of the first part shall be released from all obligations, either in law or equity, to convey said property or any part thereof, and the said party of the second part shall forfeit all right thereto and this agreement shall be void."

Upon failure to make payment of all of the installments, the plaintiff brought an action to recover the balance of the unpaid purchase price. The California court held the plaintiff was entitled to a recovery. Justice THORNTON, the writer of the opinion, in speaking of the provision of the contract above quoted, took occasion to say:

"That such agreement is void only at the election of the plaintiff, who can avoid it or enforce it at his option."

Similar views are expressed in the opinions of the courts in the other cases cited by plaintiff's counsel, and it may be admitted that the courts have with very few exceptions adhered to and followed the rule of construction laid down in the *Wilcoxson* Case in the interpretation of similar contracts.

Nevertheless, in every case of this character, like in all other contracts, the question to be determined is one of intention of the parties. No court has ever held that the parties may not agree between themselves as to the measure of damages that shall be sustained upon the breaching of a contract by either party. In the contract we have under consideration, it is to be observed that there are no express words constituting a contract of sale between the parties. In so far as appears upon the face of the agreement itself, and from that we must determine the relative rights of the parties under it, no sale of the property affected by it was intended to be consummated by its provisions. As we construe the agreement, in its last analysis, the parties intended by its terms that the plaintiff should place a deed for the real estate and a bill of sale for the personal property in escrow with the bank of Garland to be delivered to the defendant upon the full payment of the balance of the purchase price agreed upon, $29,000 payable in installments. If all payments were not made as stipulated, the deed and bill of sale were to be returned to the plaintiff and all sums theretofore paid by defendant were to be forfeited to and retained by plaintiff as liquidated damages, in which event the contract between the parties was to become null and void. Under the foregoing provisions alone, without a word expressed in the contract itself, and without any act done between the parties by which their intention might be otherwise inferred, we should be constrained to hold that the full measure of plaintiff's right to recover from the defendant would be the repossession of the property and the retention of such sums as had already been paid in installments under the contract. But the escrow agreement goes farther, and the language employed by the parties clearly differentiates this contract from any of those considered by the courts in the foregoing cases cited and relied on by the plaintiff. It contains, among other things, this provision:

"The grantee further agrees to plow during the fall of 1918 what is known as the lower field as far as the weather conditions will permit."

As heretofore remarked, it is the province of the courts in placing constructions upon contracts to arrive at the intention of the parties. In the light of human affairs generally, and in particularly in the dealings of men in the ordinary business transactions of life, it would be extremely difficult to conceive of the vendor of real property directing the purchaser as to when, or what use or disposition is to be made of it, more especially in the way of plowing it for crops. We do not think this provision of the contract would have been written had the parties contemplated that an absolute purchase and sale of the property was being made by the transaction between them. Nor do we think it may now be contended with any degree of consistency that this provision was made for the benefit of the plaintiff unless it be implied that upon failure of the defendant to meet the installments the bank was to return to plaintiff the instruments of transfer undelivered and thereupon no further liabilities on the part of either party should continue.

As we view the record, the judgment of dismissal by the district court must be sustained. It is so ordered. Defendant to recover costs.

WEBER and THURMAN, JJ., concur.

FRICK, J. I concur both in the reasoning and in the conclusions reached by the CHIEF JUSTICE. In my judgment the doctrine laid down in the case of *Wilcoxson* v. *Stitt* should not be extended by implication or construction. That case and the cases which follow it go to the very limit of following a technical rule and, as I view it, lose sight of the intention of the parties. In the case at bar, the parties to the contract clearly contemplated that the defendant might make default in paying the full purchase price, and in view of that fact provided what the consequences of such default should be. The provision of the contract respecting that matter is as much a part of the contract as any other provision and is binding upon them and should be respected by the courts. In case a controversy arises between the par-

ties to a contract respecting its purport or meaning, courts are required to consider all the language used by the parties in determining their intention. As an aid in arriving at such intention, the language must be viewed and considered in connection with the circumstances surrounding the parties when the contract was entered into as well as the subject-matter of the contract, and force and effect must be given to all the language. Technical words or phrases, if any are used, must not alone be given controlling force and effect unless from a consideration of the whole contract such was the manifest intention of the parties. Parties to a contract, unless prevented by public policy or some positive law, have the same right to determine and fix the consequences of a breach of the contract that they have to agree upon any other proper provision, and, in case they have so agreed, courts must enforce their agreement. In that regard the case at bar, in my judgment, falls squarely within the rule laid down in the case of *Foxley* v. *Rich*, 35 Utah, 162, 99 Pac. 666.

GIDEON. J.    I concur in the conclusion of the CHIEF JUSTICE, I do so, however, solely on the ground that the contract in question is, in my judgment, nothing more than an option. There is no promise or undertaking on the part of the optionee to pay the purchase price named in the contract. To my mind the forfeiture clause discussed by the CHIEF JUSTICE would not defeat the right of plaintiff to specific performance if there was any assumption or agreement by the defendant to pay the purchase price.