## COOLEY et al. v. CALL et al.

No. 3863.  Decided December 29, 1922.  (211 Pac. 977.)

1.  SPECIFIC PERFORMANCE—VENDEES HELD NOT TO HAVE WAIVED BENEFIT OF CONTRACT BY REMAINING IN POSSESSION AFTER FORFEITURE AND FILING COUNTERCLAIM FOR AFFIRMATIVE RELIEF. Where a contract of sale provided for forfeiture on default of vendees, they did not waive right to object to vendor seeking specific performance or other rights under the contract, by remaining in possession after default and accepting rents and profits and by filing a counterclaim asking for affirmative relief.

2.  DAMAGES—PARTIES MAY FIX MEASURE OF DAMAGES. Parties to a contract have power to fix the measure of damages for a breach thereof.[1]

3.  SPECIFIC PERFORMANCE—STIPULATION FOR FORFEITURE OF INITIAL PAYMENT ON LAND CONTRACT HELD PROPER DAMAGES AND TO FURNISH EXCLUSIVE REMEDY FOR BREACH. A contract of November, 1919, for sale of land valued at $8,450, fixing initial payment of

---

[1] *Rose v. Garn*, 56 Utah, 533, 191 Pac. 645.

$1,850 and payment of $1,000 in December, 1920, and the same amount on December, 1921, and payment of all taxes, *held* to have fixed a proper measure of damages by provision for forfeiture for nonpayment, purchasers having defaulted and remained in possession, and the vendors having sued for specific performance in January, 1922, the payments having amounted to $2,100, or about 10 per cent. per annum of the purchase price.

4. SPECIFIC PERFORMANCE—CONTRACT FOR SALE OF LAND HELD TO FIX EXCLUSIVE REMEDY BY WAY OF FORFEITURE, AND NOT TO PERMIT ACTION FOR SPECIFIC PERFORMANCE. A contract for sale of land which provided that on buyer's default any payments should be forfeited as stipulated damages, and they should be deemed tenants at will under vendors and subject to an action for forcible entry and detainer, fixed an exclusive remedy on forfeiture, and did not permit vendors to elect to bring action for specific performance, the damages fixed being proper in view of the amount of the purchase price and other payments, and such provision not being for the sole benefit of the vendor.[2]

Appeal from District Court, First District, Box Elder County; *M. C. Harris,* Judge.

Action by Arthur D. Cooley and another against W. Vosco Call and another. Judgment for defendants, and plaintiffs appeal.

AFFIRMED.

*Le Roy B. Young,* of Brigham City, for appellants.

*Richards & Mitchell,* of Salt Lake City, and *B. C. Call,* of Brigham City, for respondents.

THURMAN, J.

On November 25, 1919, plaintiffs and defendants entered into a written contract whereby plaintiffs agreed to sell and

---

[2] *Johnson* v. *Geddes et al.,* 49 Utah, 145, 161 Pac. 910; *Rose* v. *Garn,* 56 Utah, 533, 191 Pac. 645; *Harsh* v. *Neil,* 52 Utah, 533, 175 Pac. 606; *Dopp* v. *Richards,* 43 Utah, 332, 135 Pac. 98; *Tremonton. Inv. Co.* v. *Horne,* 59 Utah, 156, 202 Pac. 547.

defendants agreed to purchase certain real estate situated in Box Elder county, Utah. The purchase price of the property was $8,450, payable as follows: $1,850 upon execution of the contract; $1,000 December 1, 1920; $1,000 December 1, 1921; and in addition thereto defendants assumed payment of a portion of two mortgages on that and other property aggregating $4,600, and, agreed to pay all taxes thereafter levied upon the premises.

In pursuance of said contract defendants made the initial payment of $1,850 and entered into possession of the property. They paid the taxes levied on the property, except for the year 1921, and interest on $3,000 (being their portion of one of the mortgages) except the sum of $90 due July 1, 1921. Defendants defaulted as to the remainder of the principal, interest, and taxes, and on January 11, 1922, plaintiffs commenced this action to enforce a specific performance of the contract, demanding judgment for $2,577.-43 with interest thereon, together with a vendor's lien on the property and foreclosure thereof in the manner provided by law.

The contract sought to be enforced is stated at length in the complaint. It is expressly stated that time is of the essence of the contract, and among other provisions it contains the following stipulation:

"In case said parties of the second part shall refuse or neglect to pay said purchase money or any installment thereof, or interest thereon, or taxes and assessments, when the same shall become due, then this contract shall terminate and be void. And any payments that shall have been made shall become forfeited to the same parties of the first part as stipulated damages for the nonperformance of the terms of this contract. Said parties of the second part shall thenceforth be deemed tenants at will under the said parties of the first part, and subject to an action for forcible entry and detainer."

The defendants, answering, admit the contract and their failure to perform as alleged in the complaint. They allege certain defenses not necessary to mention in view of the findings made by the court. They plead and specially rely on the stipulation of the contract hereinbefore quoted and allege that plaintiffs are thereby estopped from prosecuting

an action for specific performance of the contract. Finally, defendants by reason of certain alleged wrongs and defaults on the part of the plaintiffs, interpose a counterclaim against the plaintiffs for the sum of $1,850 advanced upon the execution of the contract, together with interest and costs. Defendants pray judgment for said amount and for a lien upon the property to secure payment of any amount found due to defendants.

The trial court found that neither party was in possession of the property when the action was commenced; that all of the allegations of defendants' answer and counterclaim are untrue, except as to the special provision of the contract hereinbefore quoted. As to that the court found it to be true, and as conclusions of law found that because of said provision of the contract plaintiff had no election of remedies, and could not maintain an action for the balance of the purchase price. The court further found as conclusion of law that the $1,850 paid by defendants was forfeited to plaintiffs as stipulated damages, and that defendants had no right to recover the same or any part thereof, that neither party had a cause of action against the other, and that defendants were entitled to their costs.

The appeal is on the judgment roll alone. From the foregoing statement of the case it appears that the only question to be determined is: Had the plaintiff a right of action for specific performance of the contract in view of the provision terminating the contract and forfeiting previous payments as stipulated damages in case of defendants' default? Appellants contend that such provision was inserted for the sole benefit of the vendors, and that they had a right to elect whether they would declare a forfeiture, or sue for the purchase price. Appellants also contend that by remaining in possession of the premises and accepting rents and profits therefrom respondents waived whatever benefits they might have claimed under the provisions of the contract upon which they rely, and also waived such benefits by filing a counterclaim and asking for affirmative relief.

As to the defense of waiver there is but little discussion

by appellant, and no authorities whatever are cited. Waiver was not pleaded, nor was there any finding thereon by the court. Besides this, we fail to see any merit in the contention, inasmuch as there is nothing in the contract from which it can be inferred that respondents might lose any rights thereunder by reason of the acts relied on as constituting a waiver.

With the question of waiver eliminated, the only question remaining is: Did appellants have the right to elect what remedy they would pursue or was the remedy fixed by the terms of the contract which plaintiff is seeking to enforce? We assume it will not be contended that parties entering into a contract are without power to fix the measure of damages for a breach thereof. In *Rose* v. *Garn*, 56 Utah, 533, at page 537, 191 Pac. 645, 646, the court says:

"No court has ever held that the parties may not agree between themselves as to the measure of damages that shall be sustained upon the breaching of a contract by either party."

Our attention is called to the following statement of the doctrine in Pomeroy's Eq. Jur. vol. 1, § 447:

"Where, however, the parties to an agreement have added a provision for the payment in case of a breach of a certain sum which is truly liquidated damages, and not a penalty—in other words, where the contract stipulates for one of two things in the alternative, the doing of certain acts or the payment of a certain amount of money in lieu thereof—equity will not interfere to decree a specific performance of the first alternative, but will leave the injured party to his remedy at law."

See, also, *Johnson* v. *Geddes et al.*, 49 Utah, at page 145, 161 Pac. 910.

This rule is elementary. It only remains to determine whether or not the parties to the instant contract fixed the measure of damages in case of a breach on the part of the purchaser, and, if so, whether or not the measure of damages so fixed and determined is exclusive of any other remedy.

In support of their contention that the provision of the contract in question was made for the sole benefit of the vendors, and that the vendors could elect their remedy, ap-

pellants rely on *Wilcoxson* v. *Stitt,* 65 Cal. 596, 4 Pac. 629, 52 Am. Rep. 310; 39 Cyc. pp. 1904, 1923; *Rose* v. *Garn,* 56 Utah, 533, 191 Pac. 645; *Harsh* v. *Neil,* 52 Utah, 533, 175 Pac. 606; *Dopp* v. *Richards,* 43 Utah, 332, 135 Pac. 98; and *Tremonton Inv. Co.* v. *Horne* (59 Utah 156) 202 Pac. 547.

Appellants appear to place special reliance on the doctrine enunciated in *Wilcoxson* v. *Stitt,* supra, and insist that the provision of the contract in the Wilcoxson Case is identical with the provision of the contract in question here, except as to the concluding sentence, declaring the second parties to be tenants at will.

If the provision of the contract in the case at bar were substantially similar to the forfeiture provision in the Wilcoxson Case, as contended by appellants, there would be much more force in their contention. This court has not had occasion in any former case to determine the exact question presented on this appeal, and our respect for the decisions of the California court is such that we would hesitate long before reaching a conclusion diametrically opposed to a decision of that court, but we cannot agree with appellants' contention that the provisions of the two contracts are substantially similar. In the California case the action was to recover the balance of the purchase price for a tract of land. The defendant had paid one-half the price on the execution of the contract. The contract contained the following stipulation:

"In the event of failure to comply with the terms and all the conditions hereof by the party of the second part, the party of the first part shall be released from all obligations, either in law or equity, to convey said property or any part thereof, and the said party of the second part shall forfeit all right thereto, and this agreement shall be void.

"And the said party of the first part on receiving such payments, at the time and in the manner above mentioned, shall and will make, execute, and deliver to the said party of the second part a deed for all his right, title, claim, and interest in and to said lands, hereinbefore described and mentioned."

The contentions of the parties in that case were the same as they are in this. The trial court found in favor of defendants. The Supreme Court reversed the decision and

ordered judgment entered for plaintiff. After reviewing the authorities pro and con, the court (65 Cal. at page 600, 4 Pac. 632, 52 Am. Rep. 310) says:

"In the light of these cases, and we find none to the contrary, we feel constrained to hold that the meaning of the clause under discussion in the agreement in this case, is that such agreement is void only at the election of the plaintiff, who can avoid it or enforce it at his option."

I have no fault to find with that decision. The provision of the contract in question in that case was manifestly for the sole benefit of the plaintiff. It simply provided for the release of the vendor from all the obligations of the contract and forfeited all rights of the vendee thereunder unless the vendee complied with its terms. There is not a word as to the measure of damages in case of nonperformance on the part of the vendee, except that the vendee forfeited all his rights under the contract. In the case at bar the plain and unequivocal language of the contract provides just what the measure of damage shall be in the event that the vendee fails to perform. First, the contract is terminated and becomes void: second, all payments previously made by the vendee are forfeited to the vendor *"as stipulated damages for the nonperformance of the terms of the contract"*; third, thereafter the vendees are deemed to be tenants at will of the vendors and subject to an action for forcible entry and detainer. (Italics supplied.)

It does seem to the writer that here was a candid deliberate attempt on the part of the contracting parties to fix and determine a measure of damages which should operate as an exclusive remedy in the event that the vendee should default in subsequent payments. If the damages stipulated in the contract were either inadequate or radically excessive, as compared with the probable damages that could be foreseen by the parties when the contract was executed, there might be some reason for contending that the damages stipulated were not intended as an exclusive remedy, but such was not the case, as appears from the record. Upon the execution of the contract, November 25, 1919, defendants paid plaintiffs $1,850. During the next year they paid one-half of the

interest on a $6,000 mortgage at 6 per cent. per annum, amounting to $180, and paid taxes on the property for the year 1920, which must have amounted to at least $100. As to the exact amount the findings are indefinite. In any event the defendants paid taxes and interest in at least the sum of $280, which added to the initial payment of $1,850, gives a result of $2,130. The final payment was to be made December 1, 1921, or within two years and five days from the execution of the contract. So that it could be readily foreseen by the parties to the contract at the time it was executed just what plaintiff's damages would probably be when the last payment became due, even if defendants should default in every subsequent payment provided for by the contract. A simple mathematical calculation demonstrates that the $1,850 paid by defendants amounted to at least 10 per cent. per annum on the purchase price of the property, of which amount plaintiffs were absolutely assured because it was paid in advance. Can it be said in the light of these facts that the damages stipulated in the contract were so excessive, on the one hand, or so inadequate, on the other, that it could not have been intended as the amount of damages to which plaintiffs would be entitled in case defendants defaulted in subsequent payments? We think not.

The above method of determining whether or not the damages stipulated in the contract are to be regarded as liquidated damages or as a penalty for nonperformance of the contract was adopted by this court in *Dopp* v. *Richards,* supra, which was a case in many respects similar to the case at bar. The defendant's assignee defaulted in payments of principal, interest, and taxes under a contract for the purchase of real estate. The contract contained the following provision:

"In the event of a failure to comply with the terms hereof by the said party of the second part, the said parties of the first part shall be released from all obligations in law or equity to convey said property as hereinbefore provided, and the said party of the second part shall forfeit all right thereto, and shall also forfeit to the parties of the first part as liquidated damages all payments that

may have been made on this agreement.  Time is the essence of this contract, and, if default be made by the party of the second part in any of the conditions named herein, then the parties of the first part may at their option declare this agreement null and void, and the said Cache Valley Banking Company is hereby authorized to surrender the above-mentioned deed to the order of the said parties of the first part."

Plaintiff obtained judgment in the court below.  Defendant appealed.  This court reversed the judgment and ordered judgment for defendant.  There is little or no difference in principle between that case and this.  In that case the plaintiff resumed possession of the land and brought an action for damages.  In this case plaintiffs sue for a specific performance of the contract.  The rules in each case are the same for determining the question whether or not the damages stipulated in the contract are to be regarded as liquidated, and therefore exclusive of other remedies, or whether they are a penalty for nonperformance.  In that case this court, after a careful review of the facts and the law applicable thereto (43 Utah, at page 341, 135 Pac. 102), uses the following language:

"Taking any view we please of the contract in question, its terms were all fair and entirely proportioned to the damages that might be sustained, upon the one hand, or the benefits that might accrue, upon the other.  Under such circumstances a court is not justified in departing from the terms of the contract with regard to the damages stipulated therein, but is required to enforce that stipulation the same as all other stipulations in the contract. .

"We are of opinion, therefore, that the amount stipulated as constituting liquidated damages in the contract in question cannot be construed as a penalty, but must be held to be liquidated damages, and must be enforced as such."

After deciding the real question involved as shown in the excerpt last quoted, the court proceeds to consider the case from another angle, and in the course of its opinion suggests that under contracts like the one in question the vendor has a choice of remedies.  Appellants rely upon this suggestion of the court as supporting their contention in the instant case.  The real question involved in that case, as heretofore shown, was whether the amount of damages fixed by the contract was intended as a penalty or as the amount

plaintiff was entitled to recover in case of defendant's default. The court determined that issue in favor of defendant, and any subsequent suggestion as to choice of remedies was clearly obiter dictum as far as the real question was concerned.

Appellants also, for the same reason, rely on *Harsh* v. *Neil*, supra, in which the suggestion in *Dopp* v. *Richards*, as to choice of remedies was adopted.

In *Harsh* v. *Neil* there was no issue raised as to whether the amount stated in the forfeiture clause of the contract was a penalty or liquidated damages. The case was presented and tried upon an entirely different theory. We doubt if the court was justified in saying the case came within the rules announced in *Dopp* v. *Richards* unless it had reference to the obiter dictum above referred to.

In conclusion, to avoid misunderstanding, our decision of this case is based entirely upon what we conceive to be the obvious intention of the parties at the time they executed the contract. We have endeavored to determine that intention from the plain, unambiguous terms of the contract considered in the light of what the parties must have foreseen and contemplated at the time the contract was executed. The plaintiffs certainly have no grounds of complaint. As hereinbefore stated, they received for the use of their property during the time the defendants had it in their possession substantially 10 per cent. per annum of the purchase price and in addition thereto $280 on account of interest and taxes paid by defendants, thus increasing their interest to at least 12 per cent. per annum. There is no claim on the part of plaintiffs that the property depreciated in value while it was in defendants' possession. Hence they sustained no damage on that account.

We are aware of the almost universal trend of authority to the effect that as to forfeiture clauses in a contract for the sale of real estate the choice of remedies is ordinarily with the vendor, but where, as in the instant case, it is manifest that the parties intended by their contract to fix a measure of damages that would be fair, just, and equitable

Mandamus

under all the circumstances, we deem it our duty to give effect to that intention without regard to technical rules, the too rigid application of which oftentimes defeats the very purpose for which they were intended.

For the reasons stated, the court is of opinion that the trial court did not err in rendering judgment for defendants.

The judgment is affirmed at appellants' cost.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.