HOWORTH v. MILLS.

No. 4006.   Decided December 4, 1923.   (221 Pac. 165.)

1.   VENDOR AND PURCHASER—FORFEITURE CLAUSE HELD NOT TO LIMIT REMEDY OF VENDOR'S ASSIGNEE. Where contract for sale of land provided for the forfeiture by purchaser of payments made on default in payment of installment or interest due "within thirty days after receiving notice terminating this agreement," vendor's assignee could recover amount of installment on purchaser's failure to pay installment when due, and was not

limited to declaring a forfeiture and repossessing himself of the land, since the provision for forfeiture was not self-executing, and the contract did not terminate, and the forfeiture could not be enforced until the affirmative act of the vendor or his assignee in giving purchaser the written notice.[1]

2. CONTRACTS—FORFEITURES NOT FAVORED. Forfeitures are not favored, and will be enforced only when it is clear that such was the manifest intention of the parties, and that to do so is not inequitable.

Appeal from District Court, First District, Cache county; *M. C. Harris,* Judge.

Action by T. H. Howorth against George F. Mills. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*J. C. Walters,* of Logan, for appellant.

*Ernest T. Young,* of Logan, for respondent.

FRICK, J.

The plaintiff, as the assignee of one Amasa Bybee, commenced this action in the district court of Cache county against the defendant to recover judgment for an installment of the purchase price past due upon a certain contract of sale entered into between the said Amasa Bybee, as seller, and the defendant, as buyer, of certain lands in said county. The agreed price to be paid for the land was the sum of $16,500, to be paid as follows: $5,000 at the time the contract was entered into, receipt of which is therein acknowledged—and, as part of said purchase price the defendant assumed and agreed to pay $5,000 which was payable on a certain mortgage which was a lien on the land purchased. The remaining $6,500 he agreed to pay as follows: $2,500 on

---

[1] *Foxley* v. *Rich,* 35 Utah, 162, 99 Pac. 666; *Rose* v. *Garn,* 56 Utah, 533, 191 Pac. 645; *Cooley* v. *Call,* 61 Utah, 203, 211 Pac. 977.

or before December 16, 1919; $1,333 on or before December 16, 1920; $1,333 on or before December 16, 1921; and $1,333 (should be $1,334) on or before December 16, 1922, with 8 per cent. interest on the deferred payments, payable annually on the 16th day of December of each of the years above stated. It seems that the plaintiff paid the $2,500 installment due December 16, 1919, and the $1,333 installment due on December 16, 1920, but failed to pay the installment of $1,333 which fell due December 16, 1921, and the interest thereon, as well as the interest due on the deferred payments.

Plaintiff recovered judgment for said $1,333 with the interest as aforesaid. The defendant appeals, and contends that the court erred in entering judgment against him for said amount or for any amount. Defendant's contention is based upon the following provision in the contract, namely:

"If the second party shall fail to pay the said principal or interest as agreed to be paid by him as aforesaid within the time limited for the payment of the same, and within 30 days after receiving written notice terminating this agreement, and time is the essence of this agreement, then, in any or either event, the second party shall forfeit all claims to the said land, and every part thereof, and all improvements thereon, and will immediately surrender possession of said land to the parties of the first part, or his agent or attorney, and the bank shall deliver the said deed back to the parties of the first part to be canceled, to the purpose and intent that the said land and all improvements shall be freed and cleared of all claims of the second party, and the second party shall forfeit all payments made under this contract as liquidated damages and rental for the use of the said property."

Defendant contends that this case is controlled by the decisions in *Foxley* v. *Rich*, 35 Utah, 162, 99 Pac. 666; *Rose* v. *Garn*, 56 Utah, 533, 191 Pac. 645; *Cooley* v. *Call*, 61 Utah, 203, 211 Pac. 977. In all of those cases it was held that the seller was limited to the remedy expressly stipulated in the contracts, which was a forfeiture of that portion of the purchase price which had been paid when default was made, and to repossess himself of the land described in the contracts there in question. The forfeiture provisions in the contracts involved in those cases were, however, vastly different from the provisions we have herein copied, and on which defend-

ant relies.    Moreover, it appeared from other parts of the contracts in the cases before cited that forfeiture on the part of the seller was the only remedy contemplated by the parties.

The contract in the Foxley Case was peculiar in many respects.    At all events, it bore little, if any, resemblance to the contract in the case at bar.    That, however, was an action to recover back that part of the purchase money which had been paid on the contract, and it was held that such an action could not be maintained under the terms of the contract there in question.    True, it was held in that case that the payments that had been made were forfeited for the reasons stated in the contract, and for those contained in the opinion.

The case of *Rose* v. *Garn,* supra, was an action for specific performance of the contract and it was held that, in view of the provisions of the contract there in question, the seller had precluded himself from maintaining an action for specific performance.    The clause of the contract upon which the foregoing conclusion is based reads as follows:

"In the event that said payments are not made when due, or thirty days thereafter, said deed, abstract, and other papers deposited with this agreement shall become null and void and all sums of money theretofore paid by the grantee shall be forfeited to the grantors as liquidated damages."

In view of that and other provisions in the contract, when all were considered together, this court felt constrained to hold that the parties to the contract had agreed upon what remedy the seller might pursue, and that his only remedy was a forfeiture of the purchase price then paid, and to repossess himself of the land.    The decision was also, partly, at least, based upon the fact that under the contract that remedy was adequate, and not unfair or unjust to either party.

The case of *Cooley* v. *Call,* supra, was another action for specific performance by the seller, and it was again held by this court that under the provisions of the contract there in question the action would not lie.    The contract in that case provided:

"In case said parties of the second part shall refuse or neglect

to pay said purchase money or any installment thereof, or interest thereon, or taxes and assessments, when the same shall become due, then this contract shall terminate and be void. And any payments that shall have been made shall become forfeited to the said parties of the first part as stipulated damages for the nonperformance of the terms of this contract. Said parties of the second part shall thenceforth be deemed tenants at will under the said parties of the first part, and subject to an action for forcible entry and detainer.''

In view of that stipulation, when considered in the light of all other provisions of the contract, this court again felt constrained to hold, and did hold, that the parties intended to and did provide an adequate and speedy remedy which this court had no right or reason to ignore.

The contract in the case at bar is, however, vastly different from the contracts there in question. The stipulation of the contract here in question makes it clear that it was the intention of the parties to require some affirmative action on the part of the seller or his assgnee in order to enforce a forfeiture. Moreover, in the *Cooley* v. *Call*, contract it was provided that, in case of default in payment, ''this contract shall terminate and be void;'' while in the *Rose* v. *Garn* Case the contract provided that all things done under the agreement ''shall become null and void,'' and all sums paid shall be forfeited. The provisions respecting forfeitures in the contracts in question in those cases were therefore what might be termed self-executing; that is, it required no affirmative act on the part of any one to bring about a forfeiture, but a forfeiture automatically arose in case of default. In the instant case, however, unless the seller or his assigns served the written notice provided for no forfeiture could be enforced. Moreover, the contract does not provide that it shall become void, or null and void, in case of default as in the other cases. The contract continued in full force and effect after default the same as before, and could be terminated only by the seller or his assignee by giving the notice provided for in the contract. Such was not the effect of the contracts in the other cases.

Let us assume that plaintiff in this action had attempted to enforce a forfeiture without alleging that he had served

the written notice provided for in the contract, and that the necessary time had elapsed as therein provided. Under those circumstances, would the defendant not have demurred to the complaint, and would not the demurrer have been good? This merely shows that the intention of the parties was that whether a forfeiture should or should not be declared under the contract was left to the seller or his assignee. The contract, therefore, unlike the contracts in the other cases referred to, was not self-executing. A forfeiture did not take place automatically, and it could be enforced only after the seller or his assignee had taken affirmative action. A forfeiture, therefore, under the contract in question, could not be enforced unless the seller or his assignee so willed it. It is quite clear that the defendant could not enforce the forfeiture provision, since the contract did not become void on his default.

Nor is there anything in the contract indicating any intention that that question should be left to any one save the seller or his assignee. There is nothing in the contract requiring the seller to serve the written notice, and certainly the courts are not going to compel a forfeiture, which is abhorrent to all courts, unless the contract requires it, and it would not be unconscionable to enforce it.

In so holding we are not only enforcing the terms of the contract in question as written and as intended by the parties, but we are also enforcing the universally recognized principle that forfeitures are not favored by the courts, and will be enforced only when it is clear that such was the manifest intention of the parties, and that to do so is not inequitable. That is the doctrine that we enforced in the other cases, and, in order to be consistent, we are compelled to hold in this case that under the provisions of the contract here in question the right of the seller or that of his assignee to go into the courts to enforce payment of the unpaid purchase price is clearly preserved.

We are therefore forced to the conclusion that the judgment of the district court is right, and that it should be affirmed with costs. It is so ordered.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.