## BULLEN v. PETERSEN.

No. 4055.   Decided May 16, 1924.   (226 Pac. 464.)

VENDOR AND PURCHASER—VENDOR'S RIGHT OF FORFEITURE UNDER CONTRACT NOT EXCLUSIVE REMEDY. Vendor's right under realty contract to enter and take possession of premises upon default in payment of principal or interest is not exclusive, and does not preclude an election to stand upon contract and sue for payments due.[1]

Appeal from District Court, First District, Cache County; *M. C. Harris*, Judge.

Action by Herschel Bullen against Willard Petersen. From judgment of dismissal, plaintiff appeals.

REVERSED and remanded, with directions.

*George Q. Rich*, of Logan, for appellant.

*John G. Willis*, of Ogden, for respondent.

---

[1] *Howorth* v. *Mills*, 62 Utah, 574, 221 Pac. 165, distinguishing *Foxley* v. *Rich*, 35 Utah, 162, 99 Pac. 666; *Rose* v. *Garn*, 56 Utah, 533, 191 Pac. 645; *Cooley* v. *Call*, 61 Utah, 203, 211 Pac. 977; *Dopp* v. *Richards*, 43 Utah, 332, 135 Pac. 98.

McCREA, District Judge.

The plaintiff, as assignee of one Joseph Odell, instituted this action in the city court of Logan City, Cache county, Utah, against the defendant to recover judgment for an installment of $898.56 claimed to be past due by the terms of a certain contract of sale of real property made and entered into between the said Joseph Odell, as the seller, and the defendant, as the buyer, of said lands in said contract described. Because of the disqualification of the judge of said city court, the cause was by stipulation removed and transferred to the district court of Cache county, state of Utah, where the cause was tried.

The agreed price stipulated in the contract of sale was the sum of $4,160, of which $832 were paid to plaintiff's assignor at the time the contract was executed. The remainder of the purchase price by said contract was made payable "in five equal annual installments, on the first day of June, in each year, with interest thereon at the rate of 6 per cent. per annum on deferred payments, interest payable annually on the first day of June in each year, that is to say: (Interest to start April 1, 1920, and first deferred installment to become due June 1, 1921.)" Then follows a schedule of the deferred payments in words and figures as follows:

| Paym't No. | Annual Pmt. Prin. | Annual Pmt. Int. | Annual Pmt. Total | When due Month | Day | Year |
|---|---|---|---|---|---|---|
| 1. | 665.60 | 232.96 | 898.56 | June | 1st | 1921. |
| 2. | 665.60 | 159.75 | 825.35 | June | 1st | 1922. |
| 3. | 665.60 | 119.80 | 785.40 | June | 1st | 1923. |
| 4. | 665.60 | 79.87 | 745.47 | June | 1st | 1924. |
| 5. | 665.60 | 39.94 | 705.54 | June | 1st | 1925. |

This action was for the recovery of the first installment designated in said schedule and which became due and owing on June 1, 1921. At the trial the contract was received in evidence; the assignment of the same to the plaintiff was proved; the payment of the sum of $832, stipulated in the contract to be paid at the time of its execution, was proved, and the fact was established that no subsequent payments had been made, and specifically that the installment due on

June 1, 1921, had not been paid, and that no part of the same had been paid; that demand had been made upon the defendant for the payment of the same. It further appeared that the defendant had paid one year's taxes, amounting to about $32, for the year 1920. At the close of the evidence on behalf of the plaintiff, the defendant's motion for a nonsuit was granted. Judgment of dismissal was thereafter entered, and a motion for a new trial denied. The appeal to this court on behalf of the plaintiff presents but one question for review here, namely, the construction of the following provision in the contract sued upon:

"And if the said party of the second part shall fail to punctually make any of the said payments of principal and interest, or shall fail to comply strictly with any of the stipulations of this contract, then the party of the first part, his successors, legal representatives, heirs or assigns, shall have the right to enter upon and take possession of said premises, together with all improvements thereon; and all payments formerly made under this contract shall be forfeited as liquidated damages, and as rental for the use of said premises."

It will be noted that it is not claimed in the instant case that the plaintiff has exercised the right "to enter upon and take possession of said premises, together with all improve ments thereon." On the contrary, he has elected to stand upon the contract, treat it as in full force and effect, and has brought suit upon the contract for the recovery of the installment that has become due by the terms of the contract. That such an action may be maintained, in the absence of some provision in the contract providing for some other exclusive remedy, has recently been decided by this court. *Howorth* v. *Mills*, 62 Utah 574, 221 Pac. 165.

In the cases of *Foxley* v. *Rich*, 35 Utah, 162, 99 Pac. 666, *Rose* v. *Garn*, 56 Utah, 533, 191 Pac. 645, and *Cooley* v. *Call*, 61 Utah, 203, 211 Pac. 977, this court was called upon to construe contractual provisions similar, but by no means identical, with the provision of the contract here in question. In each of those cases the contracts involved, either in express terms or by clear intendment, provided that in the event of default of payment by the buyer the contracts should become "null and void," or that the contract should "terminate and

be void," and this court held that in such cases the remedy
provided by the contract, to wit, repossession of the prem-
ises by the seller and forfeiture of the purchase price already
paid to the seller as liquidated damages to him, excluded any
other remedy upon the contract.   In harmony with those
decisions is also the case of *Dopp* v. *Richards,* 43 Utah, 332,
135 Pac. 98.

With the exception of the last-mentioned case, these cases
were reviewed by this court in *Howorth* v. *Mills,* supra, and
no extensive comment upon them is necessary at this time.
It suffices that the contracts in those cases were held to be
clearly distinguishable from the contract involved in *Howorth*
v. *Mills,* supra, which was held not to stipulate an exclusive
remedy by way of repossession and forfeiture, but to permit
a recovery of installments after default in their payment by
the buyer.

Here, as in *Howorth* v. *Mills,* supra, there is nothing in the
contract stipulating that a default in payment of installments
by the buyer shall terminate the contract or render the same
null and void. Nor is there any language in the contract from
which it may reasonably be argued that repossession by the
seller and forfeiture of payments theretofore made, as liquid-
ated damages, was intended by the parties to be the necessary
result of a default.   The language is that the seller "shall
have the right" to enforce such remedy.   But the election of
remedies is with the seller.   The contract does not require
him to exercise his right to repossess and declare a forfeiture.
It merely gives him the right to do so at his option.   The
provision quoted deprives him of no right of reliance upon
and insistence upon a performance of the contract if he
so chooses.

In our opinion the contract here involved falls clearly
within the doctrine of *Howorth* v. *Mills,* supra, and the plain-
tiff is entitled to maintain an action for unpaid and past-due
installments upon the purchase price of the land involved in
the contract.   It follows that the trial court erred in granting
the motion for a nonsuit and entering its judgment of dis-
missal.

The judgment is therefore reversed, and the cause re-
manded to the district court of Cache county, with directions
to grant a new trial. Appellant to recover costs.

GIDEON, THURMAN, FRICK and CHERRY, JJ.,
concur.

WEBER, C. J., did not participate herein.