## McBRIDE v. STEWART.

No. 4387.  Decided July 29, 1926.  Rehearing Denied Sept. 22, 1926.
(249 P. 114.)

*F. W. James,* of Salt Lake City, for appellants.

*S. P. Armstrong* and *J. M. Hamilton,* both of Salt Lake City, for respondent.

GIDEON, C. J.

This is an appeal on the judgment roll. Plaintiff had judgment and defendants appeal. Two questions are argued, namely: Does the complaint state a cause of action? and, Do the findings of fact support the judgment?

It is alleged in the complaint that on January 13, 1920, a written agreement was made between plaintiff and defendants whereby the defendants agreed to sell and plaintiff agreed to buy certain real property described. The contract was attached to the complaint as Exhibit A and made part of the same. It is alleged:

> That the plaintiff went into possession of the premises under the contract, and retained possession until about June 14, 1923, at which time the "defendants ended said agreement and rescinded the same, and thereupon forcibly and without demand for performance of said agreement, and in her absence and without the knowledge or consent of plaintiff, entered upon and took possession of said premises, and forcibly ejected plaintiff therefrom, and ever since has continued in possession and occupancy thereof, ejecting plaintiff and depriving her of her possession."

It is provided in the contract that the buyer, plaintiff here, agreed to pay for the premises the sum of $1,800, of which $75 was to be paid upon the execution of the contract, $75 on the 20th day of February, 1920, and $30 or more on or before the 25th day of each following month until the purchase price had been fully paid, and that all deferred payments should draw 7 per cent interest per annum. It is also alleged that the plaintiff went into possession of the property, paid the $75 on February 20, 1925, and thereafter made payments until March, 1923. The total amount of the payments made by plaintiff was $1,202.29. In each of the months of March, April, June, and July, 1920, $30 was paid. No payment, apparently, was made in May. On August 20, 1920, the sum of $675 was paid. Thereafter payments were not made each month, and in some of the months only small amounts, as low as $5.35, were paid. In the months of September, October, and November, 1922, $30 was paid each month. It is also alleged that the plaintiff paid the water assessments for 1920, 1921, 1922, and 1923. It is further alleged:

That on June 9, 1923, plaintiff "tendered and was able and willing to pay defendants all balance remaining unpaid on said agreement of purchase, and offered fully to execute the same on her part; but defendants refused to accept such payment and offer, and to execute said agreement on their part."

It is then alleged that the reasonable rental value of the premises during the time they were occupied by the plaintiff, to wit, forty-one months, was $10 per month, or a total of $410. There is an allegation that the plaintiff had been damaged by the acts of defendants in terminating the contract, in the sum paid with interest from the dates of the respective payments, less the rental value of $10 per month, and judgment was asked for that amount.

The defendants demurred to the complaint. The demurrer was overruled. Thereafter answer was filed. The answer admits the execution of the contract; admits that the plain-

tiff paid certain amounts on the contract; denies that the amounts set out in paragraph 2 of the complaint are correct; denies all of the other allegations of the complaint.

The court found the issues in favor of the plaintiff, and its findings of fact are to the same effect as the allegations contained in the complaint—that is, it found the making of the contract, the entry into possession of the premises by plaintiff, the payments as alleged in the complaint, the tender made to the defendants on June 9, 1923, the refusal on the part of the defendants to accept the payment and offer to perform and to execute the agreement on their part as provided in the contract; that defendants on June 14, 1923, forcibly took possession of the premises, forcibly ousting plaintiff therefrom, and that they have ever since continued to occupy and possess the premises. The court found that the reasonable rental value of the premises was $16 per month. A finding was also made allowing defendants $100 damages to the house located on the premises, and permitted that as a set-off against the claims of the plaintiff. There is a general finding that all of the allegations of the complaint are true except as to the allegation of the rental value of the premises. As conclusions of law the court found that the plaintiff was entitled to judgment, naming the amount, and entered judgment accordingly, and the amount found due was made a lien upon the premises.

That the plaintiff was in default in making the payments as provided in the contract appears affirmatively from the allegations of the complaint. The total amount of payments made before the re-entry by defendants was equal to or greater than the sum of $30 per month, the minimum provided by the contract. The contract, however, was that the plaintiff should pay $30 or more per month. The payment of $675 in August, 1920, did not relieve the plaintiff of the duty under her contract, to pay $30 each and every month thereafter. The payments made, however, as alleged in the complaint and as found by the court,

although less than the amount stipulated in the contract, were accepted by defendants, and, so far as this record shows, no objection was made as to the amount of payment made each month, nor was any demand made upon plaintiff that she make the payments as stipulated in the contract, or otherwise the contract would be terminated. That the action of defendants in repossessing the property in the manner alleged in the complaint and refusing to give possession to the plaintiff amounted to and was a termination of the contract cannot well be questioned. In any event, no claim is made by the defendants that they did not so intend their acts. No offer is made in the answer or otherwise as appears in this record that the defendants were willing and able to carry out the provisions of the contract upon plaintiff performing her part thereof. As the writer understands the position of defendants, they rely upon the provisions of the contract as justifying the entry and possession of the premises, and the refusal to deliver possession to the plaintiff, and also their refusal to repay to plaintiff the purchase money paid by her. The provisions of the contract relied upon are as follows:

"Said buyer is entitled to the possession of said premises and may so continue unless forfeited by the nonpayment of the purchase money or any installments thereof or interest or any other payments as herein stipulated. On failure of said buyer, his heirs, administrators, executors, successors, or assigns to make any of the payments of said principal or interest, taxes or assessments or insurance premiums or charges when due, time being of the essence of this contract, or on failure to comply with this agreement in any other respect, all payments made under this contract may, at the option of the seller, become forfeited to the seller and be retained and settled as liquidated damages; the parties hereto agreeing that it is impossible to estimate the actual damages, and thereupon the seller shall be released from all obligations in law and equity to convey said properties, and the buyer shall forfeit all right thereto and shall immediately deliver up possession of said land, together with all improvements and additions made thereon, and the property including said additions and improvements shall remain with the land and become the property of the said seller, the said buyer becoming at once mere tenant at will of said seller."

Did the defendants have a right to rely upon the terms of the contract, in the light of the facts appearing in this record, as relieving them from any duty to make demand for payment as specified in the contract before repossessing the premises and terminating the contract? The answer to this question is, as we view the record, determinative of the rights of the parties in this case.

The general rule of law applicable to facts such as appear in this record, as supported by the great weight of authority, is stated under the title of Vendor and Purchaser, 39 Cyc. 1384, as follows:

"Whether time is or is not of the essence of the contract, if the vendor has waived strict compliance with its terms as regards time of payment, he cannot thereafter rescind or forfeit the contract, without notifying the purchaser of his intention to do so unless payment is made, and allowing him a reasonable time for performance, and it has been held immaterial whether the extension of time was upon a valuable consideration or not. After forfeiture for default has been waived, time becomes essential thereafter only where the vendor makes it so by proper notice and demand. The decisions proceed upon the theory that the vendor 'cannot use his own indulgence as a trap in which to catch the purchaser.' "

It is alleged in the complaint and found by the court that, for many months after the plaintiff had failed to make the payments as specified in the contract, the defendants continued to receive the small payments made by plaintiff. No objection, so far as this record shows, was made to the amount of the payments or the time of payment, and no refusal to accept the same on the part of defendants. The defendants, under the principles of law above stated, could not therefore, legally terminate the contract by reason of the provisions of the contract until notice had been given to the plaintiff requiring her to make the payments as specified, or otherwise the terms of the contract would be insisted upon and the contract terminated. We are therefore of the opinion that the acts of the defendants in repossessing the premises without notice to plaintiff

to comply with the terms of the agreement were an unauthorized breach of the contract, and one they were not legally entitled to make without first giving the plaintiff an opportunity of complying with the agreement.

It remains, therefore, to be determined what were the plaintiff's rights under the facts detailed in the complaint and as found by the court. In 6 R. C. L. 1031, ▪ the rule applicable is thus stated:

"If the breach is of such a character that the injured party may consider himself absolved from performing his part of the contract, he may maintain an action for the breach or he may sue to recover any money paid by him or on a quantum meruit to recover for what he has done. * * * It is well settled that, where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue one of three remedies: (1) He may treat the contract as rescinded, and recover upon quantum meruit so far as he has performed; or (2) he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or (3) he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing."

See, also, *McKellar R. E. & I. Co. v. Paxton*, 62 Utah, 97, 218 P. 128.

The plaintiff in this action accepted the breach of the contract upon the part of defendants and brought this action to recover what she had paid, less the reason- ▪ able rental value of the premises. As was clearly her right, she elected to take as damages the amount paid, less the benefit she received, and that is what the court granted her in the judgment. She did not elect to sue for profits or the value of the property if it exceeded the value of the contract price, but was content to recover back what she paid. That is what the complaint alleges, and that is what she was entitled to recover; hence the complaint states a cause of action. The findings of fact are in effect a restatement of

the allegations of the complaint, and as such are sufficient to support the judgment.

Defendants have cited a number of Utah cases which it is contended support the contention that the complaint does not state a cause of action, or that the findings do not support the judgment. Among the cases cited are the following: *Rose v. Garn,* 56 Utah, 533, 191 P. 645; *Dopp v. Richards,* 43 Utah, 332, 135 P. 98; *Howarth v. Mills,* 62 Utah, 574, 221 P. 165; *Bullen v. Petersen,* 63 Utah, 408, 226 P. 464; *Cooley v. Call,* 61 Utah, 203, 211 P. 977; *Malmberg v. Baugh,* 62 Utah, 331, 218 P. 975; *Foxley v. Rich,* 35 Utah, 162, 99 P. 666.

Reliance is had particularly upon the opinion of this court in *Foxley v. Rich,* 35 Utah, 162, 99 P. 666. The court in that case held that the purchaser of land who was in default and had abandoned the premises, and who had refused to make the payments stipulated after repeated requests, could not recover the money paid. Clearly under the facts recited in that case, no other conclusion ought to have been reached than that the plaintiff there was not entitled to recover the money paid as a part of the purchase price. He had refused to make the payments, had abandoned the property, and had still refused to pay when requested. It also was made to appear in that case that the seller was able and willing to comply with the provisions of the contract and convey title upon the payments made as stipulated in the agreement. The facts in that case are so entirely different from the facts in the instant case as to make the principles and rules of law stated wholly inapplicable to the facts here. The other cases cited do not discuss the particular question involved on this appeal.

Some stress is laid in the brief of defendants that the allegations of the complaint that tender was made on June 1, 1923, is not an allegation of fact but merely a conclusion of law. It is likewise contended that the ■ court's findings merely followed the allegations of the complaint and are mere conclusions and not findings of

fact. Defendants, in support of this contention, among other cases, cite the following: *Proebstel v. Trout,* 60 Or. 145, 118 P. 551; *Goss v. Bowen,* 104 Ind 207, 2 N. E. 704; *Dickerson v. Hayes,* 26 Minn. 100, 1 N. W. 834. The court in the instant case not only found that tender was made of the balance remaining unpaid on said agreement of purchase, but likewise found that plaintiff offered to fully perform her part of the contract and was able to perform the contract, and that defendants refused said offer and said payment and refused to execute the agreement on their part. Whether the allegations of the complaint as framed are allegations of fact or mere conclusions is, as we view this record, wholly immaterial. The defendants had no legal right to terminate the contract and repossess the property without first making a formal demand on the plaintiff, and that they did not do, but saw fit, apparently, to put their own construction upon their rights under the terms of the contract and proceed to execute the same by repossessing the property in the absence of the plaintiff, and thereafter refused her possession. That they had no legal right to do and it amounted in law to a termination of the contract, and plaintiff had the right to maintain this action even if no tender was made on June 9th, or any other time.

We find no reversible error in the record. The judgment is affirmed, with costs.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.